## SNOW v. SMITH et al.[1]

### (Circuit Court, E. D. Virginia. August 15, 1882.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSIES.

Under the act of March 3, 1875, § 2, if in a suit there is a separable controversy, the parties to which, actually interested in the decision of it, are, on each side, wholly citizens of different states, then the suit may, on petition of one or more of the said parties to the separable controversy, be removed to a federal court.

2. SAME—PARTIES TO REMOVAL PETITION.

Where there is a separable controversy between two of the parties, who have a right to the removal thereof, the unnecessary joinder in the petition for removal of a trustee who has not right of removal will be treated as a nullity, and the suit will not be remanded.

This was a suit in equity brought in the circuit court of Prince William county, Va., by William R. Snow, a citizen of Virginia, as trustee of Marcia C. Snow, against George Cowie, Edson R. Smith, and Harriet C. Snow. Defendant Cowie was a citizen of the District of Columbia, and the other two defendants were citizens of Minnesota.

The following facts, among others, were alleged in the bill: Prior to April 1, 1869, the complainant, William R. Snow, together with Thomas M. Smith and John C. Wilson, owned jointly a tract of land, containing about 400 acres, in Prince William county, Va.; each being the owner of an undivided one-third thereof. On the date mentioned, Smith and Wilson conveyed their interests to George D. Snow, who, in consideration thereof, paid $2,000, and gave his six promissory notes. These notes were for something over $1,000 each; three being executed to each grantor, payable, respectively, one, two, and three years after date. To secure their payment, the maker and his wife, Harriet C. Snow, executed and delivered a deed of trust to the defendant Cowie, covering an undivided two-thirds of the land. The three notes to Smith, and also the first of the notes to Wilson, were paid by Snow, who died in 1874, leaving a will in which the defendant Edson R. Smith was appointed sole executor. The widow—being the defendant Harriet C. Snow—was his sole legatee. In 1875 the executor and widow executed and delivered a deed of the said lands to the complainant, in trust for the complainant's wife, the said Marcia C. Snow; the complainant therein assuming the payment of the two outstanding notes to Wilson. The bill then alleges that these two notes to Wilson "have been in the possession and custody of the said defendant Harriet C. Snow from about the 25th day of June, 1875, until now, and the said Harriet C. Snow claims to hold the said promissory notes by purchase from the said John C. Wilson." Wilson died before institution of the suit, having executed an alleged release, apparently on the assumption that his notes had been paid. The bill further alleged that Harriet C. Snow claimed the right, under the deed of trust to defendant Cowie, to have an undivided two-thirds of the land sold to pay the said notes; that the said trustee, Cowie, acting under authority from her, had advertised an undivided two-thirds of the land for sale on September 22, 1883; that, by reason of the payment of the three notes to Thomas M. Smith, only an undivided one-third of the land was liable to be sold under the trust. The prayer of the bill was that defendant Cowie be enjoined from making the sale until such time as the land could be partitioned, and the rights of the several parties therein set apart to them. The bill concluded with a prayer for general relief. On October 8, 1883, the defendants E. R. Smith and Harriet C. Snow filed a petition and bond for the removal of the cause to the circuit court of the United

[1] This case has been heretofore reported in 4 Hughes, 204, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter or the Federal Cases.

States for the Eastern district of Virginia; alleging that there was a contro-versy wholly between citizens of different states, to wit, a controversy between the petitioners and the complainant, as trustee of Marcia C. Snow. The petition was granted, and the cause, being accordingly removed, is now heard upon complainant's motion to remand the same to the state court.

John J. Weed, for complainant.
George E. Harris, for defendants.

HUGHES, District Judge. Section 2 of article 3 of the constitution of the United States gives jurisdiction to the courts of the United States over "cases in law and equity," "cases of admiralty and maritime jurisdiction," "controversies between two or more states," "controversies between citizens of different states," etc. This language of the section makes a distinction between "cases" or suits, on one hand, and "controversies" on the other. Contemplating this distinction, the second clause of section 2 of the judiciary act of March 3, 1875 (Supp. Rev. St. U. S. p. 175) provides that:

"When in any suit mentioned in this section, there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants actually interested in such controversy may remove said suit," etc

This second section of the statute of 1875 has been thoroughly re viewed and passed upon by the supreme court of the United States That court has repeatedly and explicitly recognized the distinction made by the constitution and this statute between the general term, "case," or "suit," and the special term, "controversy." The doctrine which has been settled in the various decisions of that court construing the statute of 1875 is that whereas, if a suit embraces but one controversy, and the parties to it on either side are not wholly residents, respectively, of different states, the suit cannot be removed, yet if, in the suit, there is a separable controversy, the parties to which, actually interested in the decision of it, are, on each side, wholly citizens of different states, then the suit may, on the petition of one or more such parties to the separable controversy, be removed into the federal court. The leading decision on the former point is that of Blake v. McKim, 103 U. S. 336. The leading decision on the latter point is that of Barney v. Latham, 103 U. S. 205. Counsel have reviewed many cases directly or indirectly involving the right of removal, in their learned briefs; but I think it is useless for me to look further than to the two decisions just named, for it is very clear to my mind that the case at bar is governed by one or the other of them. The single question on which this motion to remand depends is whether the controversy between William R. Snow, trustee, and Marcia Snow, citizens of Virginia, and E. R. Smith, executor, and Harriet C. Snow, citizens of Minnesota, is separable from the other controversies, if any, in this suit, or whether that controversy comprehends the whole suit. If it comprehends the whole suit, then, under the ruling in Blake v. McKim, Wilson's administrator and the trustee, George Cowie, both citizens of the District of Columbia, being necessary parties to the suit, the cause must be remanded to the state court; but, if otherwise, then, under the ruling in Barney v. Latham, the cause must remain here. The controversy between the two Mrs. Snows is whether the

notes held by Wilson in his lifetime, and passed by him, for value received, to Mrs. Harriet Snow, passed as assigned choses in action, or passed as notes extinguished by the fact of Wilson's having received full value for them. One of these ladies contends that they merely passed from one holder to another, and remained in the hands of the second holder, a charge upon the land upon which the trust deed to Cowie was executed. The other lady contends that the notes became extinguished, as a charge upon the land, by the payment of their value to Wilson, in consequence of some anterior agreement between parties in interest. There is no doubt that that is a clearly defined controversy, and that the only persons actually interested in it are the two Mrs. Snows.

The remaining question is whether there is any other controversy in this suit. I think there is. It concerns the title to the land which was mortgaged to secure the payment of the notes in question. There was a deed of release executed by Wilson in his lifetime. If Wilson's deed was valid, then the title to the land is in William R. Snow, trustee of Mrs. Marcia Snow, or in some other person than George Cowie. If the release was not valid, then the title to the land is in George Cowie. It is very true that the decision of this question of the title to the land depends, in a court of equity, very much upon the decision of the question that has been stated in regard to the status of the notes passed by Wilson to Mrs. Harriet Snow. In fact, this intimate dependence of one controversy upon the other is the circumstance which creates all the difficulty in the case at bar. I think the question whether the legal title to the land is in George Cowie, or in some other person, is a distinct one from the question whether the Wilson notes are still alive to bind the land; and, so believing, I think the case at bar is governed by the decision in Barney v. Latham. It is hardly worth while to consider the question whether the unnecessary joinder of George Cowie with E. R. Smith, executor, and Harriet C. Snow, in the petition for removal, defeats the right of the two latter, who are citizens of Minnesota, to remove. Cowie has no right to the removal, and, if the petition was his alone, the cause would have to be remanded. But Smith and Mrs. Harriet Snow have a right to the removal, and that right ought not to be allowed to be defeated by the useless joining of Cowie in their petition. That joinder will be treated as a nullity, and the court will not grant a motion to remand on that merely technical ground. The motion to remand is denied.