AMES *et al. v.* CHICAGO, S. F. & C. RY. Co. *et al.* WITTEN *v.* SAME.
WAKEFIELD *v.* SAME.

*(Circuit Court, E. D. Missouri, N. D.* September 30, 1889.)

1. REMOVAL OF CAUSES — SEPARABLE CONTROVERSY — RAILROAD COMPANIES — MECHANICS' LIENS.

Rev. St. Mo. 1879, § 3206, which gives contractors and material-men a lien on a railroad for work and labor done and for materials furnished, provides that in suits by a subcontractor to enforce a lien it shall be optional with him to make or not to make the contractor a party defendant. When the contractor is made a party, the statute contemplates a personal judgment against him as in ordinary cases, with a conditional clause that, if sufficient property of his is not found, the residue be made out of the property charged. When he is not made a party, there is only a special finding of the amount due, and a judgment that it be made out of the property charged. *Held,* that when the contractors are made parties there are not two separate causes of action, and hence the controversy between the plaintiff and the railroad company is not a separable one within the meaning of the act of 1887, § 2, cl. 3.

2. SAME.

The fact that in order to obtain a lien against the property of the company the plaintiff is required to show that he filed a notice of his lien in the proper county in the proper time, in addition to showing that he is entitled to a judgment against the contractor, does not make the controversies separable.

3. SAME.

Nor is it important that the contractor has not been served with summons, and has not appeared, as the right of removal must be tested solely by the case made by the complaint.

4. SAME.

Rev. St. U. S. § 737, authorizing the court to proceed to the trial of the suit between the parties properly before it, when there are several defendants, and one or more of them are neither inhabitants of nor found within the district, and do not voluntarily appear, does not relate to the removal of causes.

On Motions to Remand.

*Miller, Leman & Chase* and *Berry & Thompson,* for plaintiffs.
*Gardiner Lathrop* and *Ben Eli Gutherie,* for defendants.

THAYER, J. These cases are alike, and present the same question for determination. They were removed to this court from the circuit court of Macon county, Mo., under the third clause of the second section of the judiciary act of March 3, 1887, and in this court motions to remand have been filed. The plaintiffs in the respective cases brought suits in the circuit court of Macon county, Mo., against the Chicago, Santa Fe & California Railway Company, and several other foreign corporations, and also against Williams, McRitchie, Nichol & Williams, to enforce a mechanic's or contractor's lien against the property of the railway company situated in the state of Missouri. Williams, McRitchie, Nichol & Williams were original contractors with the railway company for building certain sections of its road in Missouri. The plaintiffs in these suits were respectively subcontractors with Williams, McRitchie, Nichol & Williams for doing portions of the work undertaken by the latter firm. The plaintiffs in the several suits are residents and citizens of the state of Missouri; all of the defendants, including the railway company, are

non-residents of the state. The amount involved in each case exceeds $2,000. If a removal had been applied for in time by all of the defendants, no reason is apparent on the face of the record why the cases might not have been removed to this court under the second clause of section 2 of the act of March 3, 1887. As the cases stand, however, on petitions for removal preferred by the railway company, which merely allege that there is a separable controversy which is wholly between the railway company, a citizen of Illinois, and the respective plaintiffs, citizens of Missouri, the only question for consideration is whether the record shows any such separable controversy existing in the several suits between the respective plaintiffs and the railway company as brings the cases within the third clause of the second section of the act in question.

It is now well settled that the third clause of section 2 of the act of March 3, 1887, concerning removals, applies only to that class of cases where there are two or more separable controversies involved in a suit, one of which is wholly between citizens of different states. To authorize a removal under that clause the action must be one capable of separation into two or more separate and distinct controversies or suits. Judge BREWER so held in *Telegraph Co.* v. *Brown*, 32 Fed. Rep. 337, after a very full and careful review of all the adjudged cases; citing, among others, *Barney* v. *Latham*, 103 U. S. 205; *Hyde* v. *Ruble*, 104 U. S. 407; *Corbin* v. *Van Brunt*, 105 U. S. 576; *Fraser* v. *Jennison*, 106 U. S. 191, 1 Sup. Ct. Rep. 171; *Ayres* v. *Wiswall*, 112 U. S. 190, 5 Sup. Ct. Rep. 90. Accepting that as a correct postulate, the inquiry is whether there are two or more controversies involved in each of these suits, or only a single controversy. The law of the state of Missouri which gives contractors and material-men a lien on a railroad for work and labor done thereon, and for materials furnished therefor, provides that any person owning or operating a railroad to which a lien applies shall be made a party defendant in all suits to enforce the lien, but that in case of a suit by a subcontractor to enforce a lien it shall be optional with him to make or not to make the person with whom he contracted a party defendant to the suit. Rev. St. Mo. 1879, § 3206. In the event that a subcontractor makes the person or persons with whom he contracted a party defendant to a suit to enforce a lien, and personal service is obtained, the law contemplates a personal judgment against such defendant or defendants, as in ordinary law cases, with a clause added to the judgment that, if no sufficient property of such defendants is found to satisfy the debt, the residue be levied out of the property chargeable with the lien. If the original contractor is not made a party defendant to a suit by a subcontractor, and does not appear and defend, or personal service on him is not obtained, the statute seems to contemplate only a special finding of the amount due on the demand, and a judgment that it be levied out of the property chargeable with the lien. Id. §§ 3208–3213, inclusive. In the light of these statutory provisions, can it be said that in the cases at bar, wherein the subcontractors have made the original contractors parties defendant with the railway company whose property is to be charged with a lien, that

there are two separate controversies or causes of action, one existing between the plaintiffs and the original contractors, and another between the plaintiffs and the railway company? I think not. It has several times been held that where the cause of action sued upon is several as well as joint, and the plaintiff elects to sue two or more defendants jointly, a non-resident defendant, being so sued with other defendants, who are residents of the same state with the plaintiff, cannot remove the cause to the federal court on the ground of a separable controversy existing in the case. *Pirie* v. *Tvedt,* 115 U. S. 43, 5 Sup. Ct. Rep. 1034, 1161; *Sloane* v. *Anderson,* 117 U. S. 275, 6 Sup. Ct. Rep. 730; *Railroad Co.* v. *Ide,* 114 U. S. 55, 5 Sup. Ct. Rep. 735; *Putnam* v. *Ingraham,* 114 U. S. 57, 5 Sup. Ct. Rep. 746. In the present cases it may be conceded that the defendants are not sued upon an alleged joint liability. The demand sought to be enforced against each defendant is the same, and up to a certain point the proof relied upon to support the demand, as against each defendant, must be the same. To entitle the plaintiffs to a lien against the property of the railway company, they must first establish that they are respectively entitled to a personal judgment against Williams, McRitchie, Nichol & Williams, with whom they contracted. If they fail in that respect, the liens fall without reference to any other proof. Furthermore, in a suit by a subcontractor merely to enforce a lien against the property of a railway company, the persons with whom he contracted are by the terms of the Missouri statute proper parties defendant, although not necessary parties. It is true that, in order to obtain a lien against the property of the railway company, the plaintiffs must show that they filed a notice of their lien in the proper county, and in due time, in addition to showing that they are entitled to a judgment as against the original contractors; but the fact that such additional proof is requisite to secure a lien, does not establish that the suits involve separate and distinct controversies, within the meaning of the act concerning removals. It merely shows that the railway company may have a defense to the suit in addition to those that can be made by its co-defendants, the original contractors; but it has several times been held by the supreme court of the United States that different defenses existing in favor of several defendants to a suit, do not create separable controversies within the meaning of the statute. *Hyde* v. *Ruble,* 104 U. S. 407; *Railroad Co.* v. *Ide, supra; Sloane* v. *Anderson, supra; Pirie* v. *Tvedt, supra; Putnam* v. *Ingraham, supra; Hedge Co.* v. *Fuller,* 122 U. S. 535, 7 Sup. Ct. Rep. 1265; *Insurance Co.* v. *Huntington,* 117 U. S. 280, 6 Sup. Ct. Rep. 733.

The lien which plaintiffs seek to establish against the property of the railway company is merely an additional security which the law gives for a debt that is primarily due from Williams, McRitchie, Nichol & Williams, with whom the plaintiffs contracted. To obtain the benefit of that security, plaintiffs must prove some facts beyond what are necessary to secure a judgment against the principal debtor; that is to say, they must show that within 90 days after the debt accrued they filed a statement of the demand in the office of the circuit clerk of a certain

county. Rev. St. Mo. 1879, § 3202. But the necessity of proving more facts to warrant a recovery against one defendant than is necessary to warrant a recovery against a co-defendant, cannot be accepted as a test to determine whether a cause of action is divisible. It often occurs in practice, where the cause of action is single, that proof sufficient to establish the liability of one defendant is not sufficient to establish the liability of another. In *Ayres* v. *Wiswall, supra*, which was a suit to foreclose a mortgage on certain lands, and afterwards to obtain a personal judgment for any deficiency against the mortgagors and certain grantees of the mortgagors, who had bought subject to the mortgage, Chief Justice WAITE, in holding that the case disclosed no separable controversy, called attention to the fact that the debt sued for was a unit; that whatever sum was due from one defendant was due from all; and that there could not be a decree against a part of the defendants for one sum and against the rest for another. The same remarks are applicable to the cases at bar. The demands sued for in the several suits are not separable into parts, as in *Barney* v. *Latham*, 103 U. S. 213, 214, so that one portion of the demand may properly be recovered from the railway company, and another portion from Williams, McRitchie, Nichol & Williams. The demand is indivisible, and whatever defense to the same releases the original contractors necessarily discharges the railway company.

Again, in the case of *Insurance Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733, it was held that where the relief sought against one of several defendants was merely incidental to the main purpose of the suit, the fact that such incidental relief related to only one of the defendants did not make it a separable controversy in the sense of the removal act. The principle of that decision seems fairly applicable to the cases at bar. The main purpose of these suits is to establish the existence of an indebtedness on the part of Williams, McRitchie, Nichol & Williams. The relief sought against the railway company may be regarded as merely incidental to the main purpose of the suit, inasmuch as plaintiffs only seek to charge the debt shown to be due from the original contractors as a lien on the property of the railway company. If they fail in proving any such indebtedness, there is no pretense that the relief sought against the railway company can be granted.

Counsel for the railway company call attention to the fact that Williams, McRitchie, Nichol & Williams have not been served with summons in the several cases, and that they have not as yet appeared to the action. This suggestion, however, is unimportant, as it has been expressly ruled that the right of removal on the ground of a separable controversy must be tested solely by the case made by the plaintiff in his complaint, and is unaffected by the fact that one of the defendants is in default when a removal is sought, or has even suffered final judgment to go against him. *Putnam* v. *Ingraham, supra; Brooks* v. *Clark*, 119 U. S. 509, 7 Sup. Ct. Rep. 301; *Pirie* v. *Tvedt, supra*. While the question involved in these motions is not entirely free from doubt, yet I am of the opinion, for the reasons before indicated, that the cases do not in-

volve a separable controversy, and that they were not removable on that ground.

It is further suggested by counsel for the railway company that jurisdiction of the suits may be entertained under and by virtue of the provisions of section 737, Rev. St. U. S., which provides that—

"When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of, nor found within, the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process, nor voluntarily appearing to answer; and non-joinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement, or objection to the suit."

The answer to this suggestion is that section 737 does not relate to the removal of suits from a state to a federal court. It is the old act of February 28, 1839, (volume 5, U. S. St. at Large, 321,) and was passed to enable the federal courts to proceed with the hearing of suits properly brought against several defendants who were jointly liable, when, by virtue of the fact that some did not reside in the state, process could not be served on all the joint obligors. Conk. Pr. (3d Ed.) 152–154. The section in question has no application to a case until it is properly lodged in the federal court, either by being brought therein originally, or by having been removed from a state court under some provision of law authorizing the removal. The present suits were not lodged in this court under the provision of any act authorizing a transfer, and they are accordingly remanded to the circuit court of Macon county, Mo.