UNITED STATES On Relation of THE STATE OF NORTH CAROLINA and S. McD. TATE, Treasurer, v. R. M. DOUGLAS et al.*

*Removal of Causes—Federal Question—Misjoinder.*

1. In the transfer of causes the Courts look to the real parties in interest, and not to the form of the action; therefore,

2. An action brought on the relation of the State Treasurer in a State Court against the sureties on a bond of a receiver appointed by the Circuit Court of the United States is not removable into the Circuit Court of the United States under the provisions of chapter 866, Acts of 1888 (25th Statutes at Large), on the ground that the United States is named as a party plaintiff, the real controversy being between the Treasurer and the defendant, and the United States being only a formal plaintiff.

3. A "Federal question" is involved in an action only when a construction is required to be put upon the Constitution, or some law of the United States, or treaty made under its authority.

* BURWELL, J., did not sit on the hearing of this case.

TATE, TREASURER, *v.* DOUGLAS.

4. No "Federal question" can arise upon the construction of a bond given by a receiver appointed by the United States Court, as to whether the liability of the sureties be joint or several, it being simply a question of law to be determined by the settled rules of construction. Neither is a question arising upon the construction of decrees and orders of the United States Circuit Court relating to said bond and ascertaining the receiver's liability such a "Federal question," where there is nothing to show that any question of construction of such decrees, etc., will arise, other than their interpretation according to their plain meaning.

5. Section 3 of the Act of Congress of August 13, 1888 (25 U. S. S. at L., page 436), relating to suits against receivers, has no reference to an action against the sureties on the bond of a receiver, but merely asserts the general equity of jurisdiction of the appointing Court over the receiver so appointed.

6. Where there are several defendants in an action pending in a State Court, and there is no separable cause of action, and the defence is plainly common to all, all must unite in the petition for a removal to the United States Court; and this is so whether only one or all of the defendants have entered a defence to the action.

7. The misjoinder of parties is a mere matter of surplusage under *The Code* and not a fatal objection, and, therefore, the fact that the State of North Carolina is joined with the Treasurer of the State as a relator in an action in the name of the United States against the sureties on the bond of a receiver appointed by the United States Circuit Court, cannot affect the action.

Petition to remove an action pending in WAKE Superior Court to the Circuit Court of the United States, heard by *Brown, J.,* at February Term, 1893, of WAKE Superior Court.

The petition was as follows:

"The petition of Robert M. Douglas, a citizen of North Carolina, respectfully showeth: That he is a defendant in the above entitled action, and that the matter and amount therein in dispute largely exceeds, exclusive of interest and costs, the sum or value of two thousand dollars.

"That this action is returnable to the present term of this Court, at which term this defendant is required to plead in accordance with law and the usage and practice of this Court.

"That this action is brought upon the official bond of Samuel F. Phillips as a receiver, appointed by the United States Circuit Court for the Eastern District of North Carolina, which said bond, dated the 12th day of December, 1879, your petitioner signed as surety.

"That said receiver was duly appointed by said Circuit Court at June Term, 1871, in a suit of equity pending in said Court, in which Anthony H. Swasey and others were complainants and the North Carolina Railroad Company, David A. Jenkins, Treasurer of the State of North Carolina, and others were defendants

"That said receiver was required by an order of said Court to give a bond for the faithful performance of his duties as such receiver in the sum of $200,000.

"That in obedience to said order said receiver did execute and deliver said bond, dated June 20, 1871, which bond your petitioner did not sign, and with which he had no connection whatever.

"That on the 15th day of December, 1879, the said receiver tendered a new bond, dated the 12th day of December, 1879, in the sum of $100,000, which is the bond now sued on, and which said bond was accepted by the said Circuit Court, and 'the sureties on the old bond released and discharged, except as to past transactions.'

"That, as your petitioner is informed and believes, the failure of duty on the part of the receiver which gave rise to the liability on which this suit is brought, occurred *before* the filing of the said bond, dated the 12th day of December, 1879, on which bond alone your petitioner was surety.

"Your petitioner further respectfully showeth, that by signing said bond he incurred a liability to the United States, the obligee in said bond, in the course of a proceeding in the Circuit Court of the United States.

That the amount of the liability of his principal, upon which this suit is brought, was fixed and determined, if at

all, by a decretal order of said Circuit Court, made in a pro-
ceeding to which your petitioner was not a party, without
notice to your petitioner and without his knowledge; and
that his liability on said bond in this suit arises under the
Constitution and laws of the United States, and under said
Constitution and laws he is entitled to have this civil action
removed from this Superior Court of the State of North Car-
lina into the Circuit Court of the United States for the
Eastern District of North Carolina, to be next held at Raleigh,
on the first Monday in June, 1893, that his defence may· be
made and tried in said Circuit Court, and his rights and
liabilities therein determined.

"And your petitioner offers herewith good and sufficient
sureties for his entering in the Circuit Court of the United
States for the Eastern District of North Carolina on the first
day of its next session at Raleigh a copy of the record in this
suit, and for paying all costs that may be awarded by said
Circuit Court, if said Court shall hold that this suit was
wrongfully and improperly removed thereto.

"And your petitioner prays this Honorable Court to pro-
ceed no further herein, except to make the order of removal
required by law, and to accept the said sureties and bond,
and to cause the record herein to be removed into said
Circuit Court of the United States in and for the Eastern
District of North Carolina at Raleigh; and he will ever
pray."

The motion to remove was denied, and petitioner appealed.

*Messrs. Battle & Mordecai*, for plaintiff.

*Messrs. A. W. Haywood* and *R. M. Douglas*, for defendant
(petitioner).

MacRae, J. : This is a petition of the defendant Robert M.
Douglas to remove into the Circuit Court of the United States,
under the provisions of chapter 886, Acts of 1888 (25th Stat.
at Large), a civil action brought in the Superior Court of

Wake County against the *sureties alone* upon the bond of a receiver appointed by the Circuit Court of the United States for the Eastern District of North Carolina.

1. Is the cause removable because the United States is a party?

It was held in *State of Maryland for the use of Markley* v. *Baldwin et al.*, 112 U. S., 490, that the State was only a formal plaintiff, the actual litigation being between other parties. "The name of the State is used from necessity when a suit on the bond is prosecuted for the benefit of a person thus interested, and in such cases the real controversy is between him and the obligors on the bond."

Here it is evident that the real controversy is between the relator Tate and the defendants, the United States being only a formal plaintiff.

2. Is there a Federal question involved in this action?

By these words are meant a question requiring a construction to be put upon the Constitution or some law of the United States or treaty made under its authority. The petitioner contends that five Federal questions clearly appear from the complaint and the answer of the petitioning defendant—

*First.* The construction of the bond sued on, which was given under a decree of the Circuit Court of the Unites States; whether the said bond is joint or several, upon which will depend the amount of the defendant's liability, if he is liable at all.

*Second.* The construction of the order of the United States Circuit Court substituting the bond sued on for one that had theretofore been given. This defendant contends that the liability of the receiver accrued upon the first bond, and that the second bond is discharged.

*Third.* The construction of the decree of said Court of December 6, 1890, which only fixed the liability of the receiver, and not that of his sureties, and which was made without notice to the sureties.

*Fourth.* The construction of the force and effect of the decretal order of said Court at June Term, 1891, giving the State Treasurer leave to sue, and not the State.

*Fifth.* The construction of section 3 of the Act of August 13, 1888, cited above.

The action was brought at the instance of the State Treasurer, by leave of the United States Circuit Court for the Eastern District of North Carolina, against the sureties on the receiver's bond—not against the receiver. If it were an action against the principal, it seems that it might have been removed, at his instance, into the United States Circuit Court, under section 3 of the Act of 1888. But the liability of the receiver had already been ascertained in said Court.

No Federal question can arise upon the construction of the bond as to whether the liability of the sureties be joint or several. Neither the Constitution nor laws of the United States can afford any aid in the solution of this question. It is simply a question of law to be determined by settled rules of construction. The form of a receiver's bond is not prescribed by any statute of the United States. The liability of the sureties thereon, like the liability upon a judgment in the United States Court, or that upon a treasury note or bond of the United States, involves no construction of the laws of the United States. *Providence Savings Co.* v. *Ford,* 114 U. S., 635. The same is true of the question arising upon the construction of decrees and orders of the United States Courts. There is nothing to show that any question of construction of these decrees and orders, other than the necessity to interpret them according to their plain meaning, will arise.

If the act should receive the wide interpretation claimed for it by the petitioner, no cause could be tried in the State Court if objection were raised by the defendant, where any right had been formerly determined in a Federal Court, as a discharge in bankruptcy, or where the title to land sold under foreclosure proceedings in such Court were necessary to be shown in evidence, or the like.

The simple question is, whether the defendants are liable upon the bond, and to what amount? It is like an "attempt to enforce an ordinary property right acquired under the authority of judgments and decrees in the Courts of the United States without presenting any question distinctly involving the laws of the United States." *Carson* v. *Dunham*, 121 U. S., 421. The third section of the act referred to has no reference to an action against the sureties upon the bond, but asserts the general equity jurisdiction of the appointing Court over the receiver so appointed.

It might be that upon the question whether the State Court has given due effect to the judgments and decrees of the Circuit Court, there would be a right to review a judgment of the State Court, but this question has not yet arisen, and we are not to assume that it will arise.

It is to be observed that there is no separable cause of action in this case, and that there are four defendants. It is true that only the petitioning defendant has answered the complaint, and the others are all in default, but in *Putnam* v. *Ingraham*, 114 U. S., 57, it was ruled that the fact that one of the defendants did not answer, but was in default, was immaterial, and that the default placed the parties in no different position with reference to a removal than they would have occupied if that one had answered and set up an entirely different defence from that of the other defendants. In *Telegraph Co.* v. *Brown*, 32 Federal Rep., 337, BREWER, J., speaking of the Act of 1887, section 2, first clause, which is that any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district, etc., says: "Under the first clause all the defendants or all the plaintiffs must unite to accomplish a removal."

The fact that the State of North Carolina has been made a relator in this action can have no effect. The misjoinder

of unnecessary parties is a mere matter of surplusage under *The Code,* and not a fatal objection. Clark's Code, 2d Ed., p. 161. We hold, therefore, that the defendant petitioner has shown no removable cause.

Judgment Affirmed.