F. S. FAISON v. C. HARDY, Trustee, et al.

*Jurisdiction—Removal of Causes—Separable Controversy.*

1. Where the object of an action is to set up a parol trust in favor of the plaintiff and to declare him the equitable owner of the interest of the trustors in a deed of trust and to have an account stated of the indebtedness secured by the deed of trust to the end that he may pay the same and obtain a fee-simple title to the property and to enjoin a sale under the deed, the plaintiff and trustors being citizens of North Carolina and the trustee and creditors being citizens of Virginia, the case is one where the matters in controversy are not separable, inasmuch as the issues as to the parol trust must be tried in the Courts of this State and the necessity for an account cannot be determined until the trial of those issues.

2. In such case the fact that the North Carolina defendants have not filed an answer is immaterial.

PETITION of defendants to rehear the case decided at this Term (114 N. C., 58) upon the ground that the Court overlooked the exception to the refusal of the Judge below to remove the cause to the Federal Court upon the motion of the defendants, Hardy, trustee, and Grandy & Sons.

At Chambers in HALIFAX county, May 25, 1893, before *Hoke, J.*, the defendants Grandy & Sons, of Norfolk, Va., the creditors secured by the deed of trust, filed a petition as follows:

"Your petitioners, Caldwell Hardy, trustee, C. W. Grandy and Albert H. Grandy, partners in trade under the name and style of C. W. Grandy & Sons, respectfully show to this honorable Court that the matter and amount in dispute in the above entitled suit exceeds, exclusive of interest and costs, the sum of two thousand dollars, and that they are defendants in said suit.

"That there is a controversy in said suit between citizens of different States, and that your petitioners were at the time of the commencement of this suit and still are citizens of the State of Virginia, and that the plaintiff, F. S. Faison, and the defendants Rosalina Faison, widow, and Rosalina Faison, daughter of J. W. Faison, deceased, Pauline Faison, Mary Faison, Annie Faison and Herod Faison, and John E. Vann, administrator of John W. Faison, were then and are still citizens of the State of North Carolina.

"That there can be a final determination of the controversy in said suit, so far as concerns your petitioners, without the presence of the other defendants as parties in the cause.

"That the substantial controversy in said suit is between the plaintiff and your petitioners.

"That said suit was brought to restrain and enjoin your petitioner, Caldwell Hardy, from making a sale of real

FAISON *v.* HARDY.

estate in Northampton county by virtue of power of sale
in a deed of trust executed to him by John W. Faison and
wife to secure a note of ten thousand dollars, now held by
C. W. Grandy & Sons, all of which is described in the pro-
ceedings in said suit.

"Your petitioners further state that in said suit above
mentioned there is a controversy which is wholly between
citizens of different States, and which can be fully deter-
mined as between them, to-wit, a controversy between your
petitioners and the plaintiff therein, F. S. Faison.

"And your petitioners offer herewith a bond, with good
and sufficient surety, for their entering in said Circuit
Court of the United States, on the first day of its next ses-
sion, a copy of the record in this suit, and for paying all
costs that may be awarded by said Circuit Court if said
Court shall hold that this suit was wrongfully or improp-
erly removed thereto.

"And they pray this honorable Court to proceed no fur-
ther herein, except to make the order of removal required
by law; and to accept the said surety and bond, and to cause
the record herein to be removed into said Circuit Court of
the United States in and for the Fourth Circuit and Eastern
District of North Carolina."

The motion was denied and defendants excepted.

*Messrs. Thomas N. Hill* and *W. D. Pruden*, for petitioners.
*Messrs. W. H. Day* and *R. B. Peebles;* contra.

MACRAE, J.: Neither on the argument nor in the brief
of defendants' counsel was there any allusion to the peti-
tion for removal to the Federal Court. We were under the
impression that the motion had been abandoned and there-
fore it was not referred to in the opinion filed in this case.
Upon the rehearing we have had the benefit of argument
upon the point presented.

The opinion of the Court upon the question of continuing the restraining order pending the litigation will be found at page 58 of this volume. It will be remembered that there is but one party plaintiff, F. S. Faison, a citizen of North Carolina, and that the defendants are C. Hardy, the trustee; Grandy & Sons, the secured creditors, citizens of Virginia, and the widow and heirs at law of J. W. Faison, the deceased trustor, citizens of North Carolina.

The object of the action is to set up an alleged parol trust in favor of plaintiff and to declare him the equitable owner of the interest now held by the widow and heirs of J. W. Faison in the lands described in the deed of trust; to have an account taken of the indebtedness secured by said deed to the end that he may pay the same, and have a conveyance of the land by the defendant trustee and said widow and heirs to himself in fee-simple, and to enjoin the sale until the hearing. If the plaintiff shall succeed in this action the widow and heirs of the deceased trustor will be deprived of all interest or property in the lands and in the equity of redemption therein; and if, after the amount due is ascertained, the plaintiff shall fail to pay the same and the sale shall proceed and there shall be a surplus after satisfaction of the debt it will be the duty of the trustee to pay over the same to the plaintiff and not to the heirs or representatives of J. W. Faison, deceased.

The petition for removal is based upon the second section of the Act of March 3, 1887, U. S. Rev. Statutes, and the third clause thereof, which is as follows: "And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district."

In *Tate* v. *Douglas*, 113 N. C., 190, we noted that under the first clause of said section (that which had reference to a Federal question) all the defendants or all the plaintiffs must unite to accomplish a removal. The third clause, however, permits a removal in case of a separable controversy where the application is made by one or more of the *defendants*. The question, therefore, is whether there is more than a single controversy involved in the action, and if there is whether they can be separated and a single controversy can be eliminated which is wholly between citizens of different States and be fully determined as between the plaintiff and those defendants who are citizens of Virginia, without regard to the defendants who are citizens of North Carolina. The principal controversy in this case is as to the right of the plaintiff to have the equity of redemption,—was there a parol trust between J. W. Faison and the plaintiff which entitled the plaintiff to a conveyance to him of the land in question upon the discharge by him of the debts secured in the deed of trust? This controversy is between the plaintiff and the defendants, the widow and heirs of J. W. Faison, all citizens of North Carolina, and of course is not removable under the Act of Congress. Dependent upon it is the right of the plaintiff to take the place of these defendants, as he seeks to do, and to have an account stated of the amount due the defendants Grandy & Sons, the secured creditors, for it is alleged in the complaint that Grandy & Sons had notice of plaintiff's claim and right. The defendants, citizens of North Carolina, are interested in this second controversy, for if plaintiff fails to establish the parol trust in his favor he will not be entitled to the account demanded. It is manifest that the issues arising upon plaintiff's claim of the parol trust must be tried in the Courts of this State, and the necessity for the account demanded by the plaintiff cannot be deter-

28

mined until the trial of these issues.   It is therefore one of those cases wherein the matters in controversy are not separable.

·The fact that the North Carolina defendants have not yet filed an answer would not help the petitioners, for we showed in *Tate* v. *Douglas, supra*, that the failure of one of the defendants to answer was immaterial, and the default placed the parties in no different position with reference to a removal than they would have occupied if that one had answered and set up an entirely different defence from that of the other defendants.   *Telegraph Co.* v. *Brown*, 32 Fed. Rep., 337; *Douglas* v. *Railroad*, 106 N. C., 65.

This case differs from *Boyd* v. *Gill*, 21 Blacksford, 543, relied upon by petitioners' counsel.   There an action was brought by stockholders against directors in a corporation, alleging a fraudulent appropriation of its assets.   The right of action arose *ex delicto*, and the tort might be treated as several as well as joint.   Therefore the liability of each defendant being several, the controversy was separable. Nor is this such a case as *Texas* v. *Lewis*, 12 Fed. Rep., 1, where, in an action of ejectment, a tenant in possession disclaimed title, the landlord was permitted to come in and defend; and it was held that the tenant in possession was but a nominal party and had no right to prevent a removal sought by the non-resident landlord, the true defendant. In *Racklan* v. *Racklan*, 1 Fed. Rep., —, the controversy was between citizens of different States who claimed the ownership of a bond and mortgage; the mortgagor was also a party defendant; and it was held that he was not necessarily a party, and that the case should be removed where all the other defendants joined in the petition.

We concur with his Honor in the view that the controversy was not a separable one and that the defendants were not entitled to remove the same to the Federal Court.

Former Ruling Affirmed.