ELIZABETH ABBOTT and THOMAS H ABBOTT by his next friend, ELIZABETH ABBOTT v. ROBERT HANCOCK.

(Decided October 18, 1898).

*Suit by Next Friend—Lunacy—Seduction—Demurrer.*

1. The right of action for seduction of infant daughter is in the father, if living, and if the wife sues in her own name because of the insanity of the husband, it is necessary that he should have been declared insane (*The Code*, Section 1831).

2. Where allegation of insanity of husband is admitted by demurrer, suit may be brought by his next friend though no inquisition of lunacy was had; and the wife may bring the action as such next friend, being regularly appointed under Rule 16 (Superior Court Rules, 119 N. C., 963).

3. The mother is entitled to bring such action in lieu of the father, where it is admitted that the latter is living out of the State.

4. A demurrer does not lie for superfluous parties.

CIVIL ACTION for seduction of plaintiff's daughter, heard on demurrer by *Brown, J.*, at May Term, 1898, of the Superior Court of Craven County.

Previous to filing the complaint, on plaintiff's motion for the appointment of next friend, made before the Clerk, it was adjudged that Mrs. Elizabeth Abbott be and she is hereby appointed next friend of Thomas H. Abbott to conduct for him this action in this court against Robert Hancock—signed by the Clerk.

The complaint verified by her alleges:

That the plaintiff Elizabeth Abbott is the mother and

ABBOTT *v.* HANCOCK.

her co-plaintiff, Thomas H. Abbott is the father of Annie May Abbott, who is under age of 21 years and unmarried: That said Thomas H. Abbott is and has been for some time past insane and is confined to the government hospital for the insane, known as St. Elizabeth Hospital and is without the jurisdiction of this Court, and she therefore brings this action on behalf of herself and as next friend of her said husband, Thomas H. Abbott.

That prior to this action the father of Annie May has been in the regular employ of the U. S. Government, in the Revenue Marine Service, and since his insanity has been continued on the pay roll.

That the defendant is the husband of the sister of Thomas H. Abbott, and during the month of April, 1897, invited and procured Annie May to accompany him in a trip North with his wife, her aunt, who failed to accompany them on account of ill health; that while in New York the defendant upon threats of leaving her without means in the city and returning home without her, in the event of refusal, procured said Annie May to have illicit intercourse with him, then and there knowing her to be the daughter of plaintiffs and wrongfully intending thereby to injure them and deprive them of her services, did wilfully debauch and carnally know her against the will of plaintiffs.

That thereafter in the city of Newbern at his house, the defendant by threats of exposing her, did wilfully debauch and carnally know her, the said Annie May, against the will of plaintiffs.

That thereafter and at divers times under continued threats of exposure, coupled with threats that he would have her father's name stricken from the pay roll of the government service, and cause her sister to be discharged

as teacher, from the Public School in Newbern, he did procure said Annie May Abbott to have illicit intercourse with him and against the will of plaintiffs did wilfully debauch and carnally know her.

That during all the acts complained of, the said Annie May was in the actual service of plaintiffs, residing with them at their home in Newbern, being then and now under age of 21 years and unmarried, and that the plaintiff then was and still is entitled to her attention and service.

That by reason of said several acts complained of, the said Annie May became sick in body and mind and so remained, and her health, mind and capacity to perform said services has been greatly otherwise impaired to the great and lasting damages of plaintiffs in the sum of $10,000.

The plaintiffs moved his Honor to overrule the demurrer, adjudge it frivolous and enter judgment for plaintiff by default.

The Court overruled the demurrer, but refused to hold it frivolous and refused to enter judgment for plaintiff and gave defendant leave to answer and sixty days time therefor.

Plaintiffs excepted to so much of the judgment as denied their motion to hold the demurrer frivolous and enter judgment for plaintiff by default.

The defendant excepted to so much of said judgment as overruled the demurrer and appealed.

Both parties appealed.

The grounds of the demurrer are adverted to in the opinion of his Honor, Justice CLARK.

*Messrs. Simmons, Pou & Ward*, for defendant (appellant).

*Messrs. O. H. Guion, W. W. Clark; Shepherd & Busbee; W. D. McIver* and *D. L. Ward,* for appellee.

CLARK, J.: If the wife were suing here in her own right as a free-trader because of the insanity of her husband, it would be necessary that he should have been declared insane (*Code*, Section 1831) but the right of action for the seduction of the infant daughter is in the father (if living). *Scarlett* v. *Norwood,* 115 N. C., 284; *Hood* v. *Sudderth,* 111 N. C., 215. The allegation of the insanity of the husband is admitted by the demurrer, and an insane person can sue by his next friend though there has been no inquisition of lunacy. *Code,* Section 180; *Smith* v. *Smith,* 106 N. C., 498. We know of no reason, nor authority, why the wife cannot be his next friend for the purpose of bringing such action in his behalf. She was regularly appointed next friend by the Clerk of the Superior Court in the mode prescribed by Rule 16 of Superior Court (119 N. C., 963) and that appointment cannot be impeached collaterally by demurrer. *Sumner* v. *Sessoms,* 94 N. C., 371. Nor do we see that the propriety or fitness of the appointment of a next friend can in any way concern the defendant in the action. The next friend is an officer of the Court and subject to removal by its order at any time. *Tate* v. *Mott,* 96 N. C., 19.

It is averred in the complaint and admitted by the demurrer that the father is living out of the State. In *Gould* v. *Erskine,* 20 Ont., 347, it is held that at common law, in such case, the mother is entitled to maintain the action in lieu of the father. As this action is brought by the mother, individually, as well as by her, as next friend of her husband, *qua cunque via,* the proper plaintiff is before the Court. For superfluous

parties plaintiff, a demurrer does not lie. *Sullivan* v. *Field*, 118 N. C., 358; *Tate* v. *Douglas*, 113 N. C., 190; *Wool* v. *Edenton*, Ibid, 33.

No error.