BUCK et ux. v. FELDER et al.

(District Court, M. D. Tennessee. December 4, 1911.)

No. 3,673.

1. REMOVAL OF CAUSES (§ 82*)—JOINT DEFENDANTS—SEPARABLE CONTROVERSY.

Act Cong. March 3, 1875, c. 137, § 2, 18 Stat. 470 (U. S. Comp. St. 1901, p. 509), provides that when in any suit mentioned in the section relating to removal of causes there shall be a controversy wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove the suit to the Circuit Court of the United States for the proper district. Complainants, citizens of Tennessee, sued F. and wife, citizens and residents of New York, a trust company, which was a Kentucky corporation, a land company, and a seminary, both Tennessee corporations, alleging that one of the complainants was heir of M., deceased, and that M., by a deed of trust, conveyed certain property to the trust company, including shares of the stock of the land company for the benefit of F. and wife and their adopted children, praying that the deed of trust be set aside because M. was of unsound mind, and that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

adoption proceedings and other separate conveyances by M. to the land company and to the seminary be set aside, etc. *Held*, that since there was a separate controversy between complainants and the trust company as to the validity of the deed of trust, independent of the other controversies presented in the bill, the trust company was entitled to remove the entire suit to the federal court; it not being necessary that all the defendants to that controversy joined in the petition for a removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 163; Dec. Dig. § 82.*

Separable controversy as ground for removal of, cause, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Meeker v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

**2. REMOVAL OF CAUSES (§ 82*)—PARTIES—INTEREST.**

Where a complaint against a foreign corporation and others presented a separable controversy as between complainant and such foreign corporation, the right of the corporation to remove the cause to the federal court was not affected by the fact that it was also interested as a stockholder in one of the other defendant corporations in the controversy between the complainants and such corporation.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 163; Dec. Dig. § 82.*]

In Equity. Action by Thomas Buck and wife against T. J. Felder and others. The case was removed to the federal court by the defendant the Columbia Finance & Trust Company for diversity of citizenship, and complainants moved to remand. Denied.

This bill was filed in the Chancery Court of Davidson County, Tennessee, by Thomas Buck and Katie Buck, his wife, residents of said County, against Thomas J. Felder and wife, residents and citizens of the State of New York, the Columbia Finance & Trust Company, a corporation under the laws of the State of Kentucky, and the Murphy Land Company and Ward's Seminary, both corporations under the laws of the State of Tennessee. The bill alleged that the complainant Katie Buck was one of the next of kin and heirs at law of Mrs. Anna H. Murphy, deceased, and sought, among other things, to set aside a deed of trust that had been executed by Mrs. Murphy to the Columbia Finance & Trust Company conveying to it certain property, including 1750 shares of the capital stock of the Murphy Land Company, for the use and benefit of Felder and wife, her adopted children and the devisees and beneficiaries under her will, alleging that at the time of the execution of this trust deed Mrs. Murphy was of unsound mind and had been induced to execute said trust deed through undue influence and coercion on the part of Felder and wife. The bill also sought to set aside the proceedings by which Felder and wife had been adopted by Mrs. Murphy, and also other separate conveyances of property that had been made by Mrs. Murphy to the Murphy Land Company and to Ward's Seminary. The Columbia Finance & Trust Company, whose name has been changed to the Columbia Trust Company, having been served with process in the Chancery Court, and Felder and wife not having been served with such process, the Columbia Trust Company, before the expiration of the time in which it was required to answer or plead to the bill in the Chancery Court, filed a petition in the Chancery Court, with proper removal bond, for the removal of the cause to the United States Circuit Court for the Middle District of Tennessee, on the ground of a separate controversy wholly between citizens of different States, namely, a controversy concerning the validity of the trust deed executed by Mrs. Murphy to it, wholly between Buck and wife, citizens of the State of Tennessee, on the one side, and the Columbia Trust Company, a citizen of Kentucky, and Felder and wife, citizens of New York, on the other side. An order of removal was entered by the Chancery Court, and a transcript of the record having been filed in the United States Circuit Court, the complainants moved to remand the cause to the Chancery Court of Davidson County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Theo Parker, of Nashville, Tenn., for complainants.

Jas. C. Bradford, Robt. T. Smith, Jno. J. Vertrees, and Wm. O. Vertrees, all of Nashville, Tenn., for defendants.

SANFORD, District Judge. The complainants' motion to remand must be denied for the following reasons:

1. Under the allegations of the bill there is a separate controversy as to the validity of the trust deed executed by Mrs. Anna H. Murphy to the removing defendant, the Columbia Finance Trust Company. This separate controversy is wholly between citizens of different states, namely, the complainants, citizens of Tennessee, upon the one side, and the defendant Trust Company, a citizen of Kentucky, trustee under said trust deed, and the defendants Felder and wife, citizens of New York, the beneficiaries under said trust deed, upon the other. This separate controversy is entirely independent of the other controversies presented by the bill between the complainants and the defendants Felder and wife as to the validity of the adoption proceedings, and between the complainants and the defendants, the Murphy Land Company and Ward's Seminary, as to the validity of the respective conveyances to them. This separate controversy as to the validity of the trust deed is capable of being fully determined between the complainants and the defendants, the Trust Company and Felder and wife, citizens of different States, and complete relief afforded as to this separate cause of action, without the presence of the Land Company or the Seminary, the other parties to the suit.

[1] The entire suit was therefore clearly removable to this court on the ground of such separable controversy, under the provision of the Act of March 3, 1875, c. 137, § 2, 18 Stat. 470 (U. S. Comp. St. 1901, p. 509), as amended by the Act of Aug. 13, 1888, c. 866, § 1 (25 Stat. 433), that: "When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district." Barney v. Latham, 103 U. S. 205, 212, 26 L. Ed. 514; Torrence v. Shedd, 144 U. S. 527, 530, 12 Sup. Ct. 726, 36 L. Ed. 528.

And where there is in the suit such a separate controversy "wholly between citizens of different States," it is not necessary that all the defendants to that controversy join in the petition for removal, as was required under the earlier Act of July 27, 1866, c. 288, 14 Stat. 306 (Barney v. Latham, supra, 103 U. S. at page 210, 26 L. Ed. 514), but under the express terms of the Act of August 13, 1888, c. 866, § 2, 25 Stat. 433 (U. S. Comp. St. 1901, p. 509)—following the language of the previous Act of March 3, 1875, except in that right of removal is limited to defendants—"either one or more of the defendants actually interested in such controversy may remove said suit," that is, any one of the defendants actually interested in such separate controversy between citizens of different States, may remove the suit. Barney v. Latham, supra, 103 U. S. at page 212, 26 L. Ed. 514; Hyde v. Ruble,

104 U. S. 407, 409, 26 L. Ed. 823; Torrence v. Shedd, supra, 144 U. S. at page 530, 12 Sup. Ct. 726, 36 L. Ed. 528; Chicago, R. I. & P. Ry. Co. v. Martin, 178 U. S. 245, 247, 20 Sup. Ct. 854, 44 L. Ed. 1055; New England Water Works Co. v. Loan & Trust Co. (C. C. A. 7) 136 Fed. 521, 69 C. C. A. 297; Greene v. Klinger (C. C.) 10 Fed. 689; Maine v. Gilman (C. C.) 11 Fed. 214, 215; Grindrod v. Crine (C. C.) 22 Fed. 257; Snow v. Smith (C. C.) 88 Fed. 657, 658; Faison v. Hardy, 114 N. C. 429, 433, 19 S. E. 701; 2 Fost. Fed. Pract. 1513. While in general these cases contain merely dicta as to this question in substantially the language of the statute, in New England Water Works Co. v. Loan & Trust Co., supra, this precise point was involved and determined, and it was specifically held by the Circuit Court of Appeals for the Seventh Circuit that under a bill filed in a State court of Illinois to foreclose a mortgage, to which there were various defendants, as the bill disclosed a separate controversy as to whether the mortgage covered a certain pumping station, which was wholly between citizens of different States, that is, the complainants Farmers' Loan & Trust Company, a citizen of New York, on the one side, and certain of the defendants, namely, the Boston Water & Light Company, a citizen of Maine and the International Trust Company, a citizen of Massachusetts, and possibly the New England Water Works Company, a citizen of Rhode Island on the other side, the Boston Water & Light Company, being one of the several defendants interested in such separate controversy was entitled to remove the entire suit into the Federal Court, on its own petition alone. No cases appear to the contrary; and this conclusion accords with the clear and specific language of the Act. The inference is unavoidable that if Congress had intended that all the defendants actually interested in the separate controversy must join in removing the suit, it would not have provided in the Act that "either one or more of the defendants actually interested in such controversy" might remove the suit, but, following the language of the sentence immediately preceding in reference to the removal of suits in general, would have provided that "the defendant or defendants" actually interested in such controversy might remove the suit.

2. Since, therefore, under the plain terms of the statute, and the authorities above cited, the defendant Trust Company, being one of the three defendants interested in the separate controversy as to the validity of the trust deed, was entitled to remove the cause on its own petition alone, without the joinder of Felder and wife, the other defendants interested in such separate controversy, it is unnecessary to determine the somewhat difficult question whether if it would not otherwise have had such right, the fact that Felder and wife had not been served with process in the state court within the time in which the Trust Company was required to plead, would have given it such separate right of removal. See, by analogy, as to suits where there is no separate controversy but one of the joint defendants has not been brought before the court; on the one side, affirming a separate right of removal in the defendant before the court, McHenry v. New York (C. C.) 25 Fed. 65; Tremper v. Schwabacher (C. C.) 84 Fed. 413;

Bowles v. Heinz Co. (C. C.) 188 Fed. 937; and on the other, denying such separate right of removal, Patchin v. Hunter (C. C.) 38 Fed. 51; Ames v. Railroad Co. (C. C.) 39 Fed. 881; Moon on Removal of Causes, 454, n. 2; Black's Dillon on Removal of Causes, § 145, p. 243; 1 Rose's Code of Fed. Proc. 352.

3. And while it has been held that by necessary implication the right of removal on the ground of a separate controversy is confined to nonresident defendants (1 Rose's Code, § 135a, p. 348, and cases cited), this question is immaterial in the present case, and need not be now determined, as the Trust Company the removing defendant, is a nonresident of Tennessee.

[2] 4. Furthermore the fact that the Trust Company, as a stockholder in the Land Company, is also indirectly interested in the other controversy between the complainants and the Land Company, does not deprive it of its own right of removing the suit on account of the separate controversy as to its own trust deed, in which the Land Company has no interest. Barney v. Latham, supra, 103 U. S. at page 213, 26 L. Ed. 514.

5. And since under the plain terms of the statute the removal on the ground of a separate controversy brings the whole suit into the Federal Court (Barney v. Latham, supra; Brooks v. Clark, 119 U. S. 502, 512, 7 Sup. Ct. 301, 30 L. Ed. 482; Torrence v. Shedd, supra, 144 U. S. at page 530, 12 Sup. Ct. 726, 36 L. Ed. 528), it follows that the complainants' motion to remand must be overruled, and at their cost.

An order will be entered accordingly.