## FIDELITY INSURANCE COMPANY *v.* HUNTINGTON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

Submitted March 1, 1886.—Decided March 15, 1886.

A creditor's bill, to subject incumbered property to the payment of his judgment, by sale and distribution of the proceeds among lien-holders according to priority, creates no separate controversy, as to the separate lien-holders parties respondent, within the meaning of the removal acts, although their respective defences may be separate.

The case is stated in the opinion of the court.

*Mr. Samuel Dickson, Mr. E. W. Kittredge, Mr. John C. Bullett,* and *Mr. Richard C. Dale,* for appellants.

*Mr. R. A. Harrison, Mr. William M. Ramsey,* and *Mr. Lawrence Maxwell, Jr.,* for appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal under section 5 of the act of March 3, 1875, 18 Stat. 470, ch. 137, from an order of the Circuit Court remanding a suit which had been removed from a State court.

The case is this: Collis P. Huntington, a citizen of New York, recovered a judgment in the Court of Common Pleas of Scioto County, Ohio, on the 29th of May, 1885, against the Scioto Valley Railroad Company, an Ohio corporation, for $639,305.67. Executions were afterwards issued upon this judgment, and levied upon the railroad, rolling-stock, and other personal property of the company. This property was covered by several mortgages, or deeds of trust, one to the Fidelity Insurance Trust and Safe Deposit Company, a Pennsylvania corporation; another to Samuel Thomas, a citizen of New York; another to the Central Trust Company of New York, a New York corporation; another to Henry K. McKarg, a citizen of New York; another to the Metropolitan Trust

Company of the City of New York, a New York corporation; and others to various citizens of Ohio. Such being the condition of the property, Huntington began a suit in the Court of Common Pleas of Scioto County, the object of which was to marshal the liens and obtain a sale of the property, free of incumbrance, to pay his judgment, after satisfying all prior claims, and, in the meantime, to have a receiver appointed. To this suit all the several lien-holders were made parties, and the Fidelity Insurance Trust and Safe Deposit Company answered, setting up its mortgage as a first lien, and asking that the property be sold and the proceeds applied to the satisfaction of that mortgage debt. This being done, the same company presented a petition for the removal of the suit to the Circuit Court of the United States, on the ground that there was in the suit a controversy which was wholly between citizens of different States, and which could be fully determined as between them, to wit, a controversy between the petitioner, a citizen of Pennsylvania, and Huntington, the plaintiff, and all the defendants, except the petitioner, citizens of States other than Pennsylvania. When the suit was entered in the Circuit Court it was remanded, and to reverse that order this appeal was taken.

The suit as brought by Huntington is a creditor's bill to subject incumbered property to the payment of his judgment by a sale and distribution of the proceeds among lien-holders according to their respective priorities. There is but a single cause of action, and that is the equitable execution of a judgment against the property of the judgment debtor. This cause of action is not divisible. Each of the defendants may have a separate defence to the action, but we have held many times that separate defences do not create separate controversies within the meaning of the removal act. *Louisville and Nashville Railroad Co.* v. *Ide,* 114 U. S. 52; *Putnam* v. *Ingraham,* 114 U. S. 57; *Pirie* v. *Tvedt,* 115 U. S. 41; *Starin* v. *New York,* 115 U. S. 248; *Sloane* v. *Anderson,* ante 275. The judgment sought against the Fidelity Company is incident to the main purpose of the suit, and the fact that this incident relates alone to this company does not separate this part of the con-

troversy from the rest of the action. What Huntington wants is not partial relief settling his rights in the property as against the Fidelity Company alone, but a complete decree, which will give him a sale of the entire property free of all incumbrances, and a division of the proceeds as the adjusted equities of each and all the parties shall require. The answer of this company shows the questions that will arise under this branch of the one controversy, but it does not create another controversy. The remedy which Huntington seeks requires the presence of all the defendants, and the settlement not of one only, but of all the branches of the case.

The order remanding the case is

*Affirmed.*