HAX and others *v.* CASPAR and others. (No. 2,086.)

*(Circuit Court, D. Colorado.* May 6, 1887.)

1. REMOVAL OF CAUSE—SEPARABLE CONTROVERSY.
 The removal of a cause from a state to the federal court does not depend upon the question of what issue remains to be tried, but must be determined by the nature of the cause of action presented in the complaint. If there be but one, involving many defendants, the fact that each makes a separate defense does not make separable controversies; nor does the default of one of them, or his disclaimer of title to the land in controversy, give a right of removal to the contesting defendant, who is a citizen of a state other than that of the plaintiffs.

2. SAME—MOTION TO REMAND—PRACTICE.
 The court will not inquire, on a motion to remand a case to the state court, either as to the truth of the allegations in the pleadings, or the sufficiency of the complaint or bill as such, or whether it states a good cause of action. These matters are for the decision of the court which finally tries the case.

Bill to Set Aside Decree, etc.

*O. B. Liddell,* for plaintiffs.

*J. A. Bentley,* for defendants.

BREWER, J., *(orally.)* In case 2,086 there is a motion to remand which presents something of an interesting question. The facts are these: There are three plaintiffs and three defendants. One of the defendants, who seeks the removal, is a citizen of the state of Wisconsin. The other defendants, and one or two of the plaintiffs, are citizens of Colorado. This defendant seeks a removal on the ground of a separable controversy between himself and plaintiffs. One of the defendants, Catherine Caspar, executed some notes and a mortgage on real estate in this city to the plaintiffs. A suit was instituted to foreclose that mortgage, making that single defendant party defendant. Pending those foreclosure proceedings, one of the other defendants obtained a sheriff's deed on an execution sale for part of the mortgaged property, and thereafter conveyed this property thus purchased to the other defendant, the citizen of Wisconsin. Now, this complaint is filed, setting forth the fact of that foreclosure proceeding; that one defendant had obtained title pending those proceedings, and transferred it to the defendant in Wisconsin; alleging that that transfer was without consideration; and that the defendant in Wisconsin held the legal title in trust for the other two defendants, and praying a foreclosure as against all. It also alleges that the defendant, who first obtained the title, put upon the property a frame building of the value of $300, and seeks an injunction to prevent its removal. Service was made on all three of the defendants. The mortgagor and the party who took the title in the first instance have each filed disclaimers and demurrers separately, in the one pleading declaring that they have no interest, and by the other that plaintiffs have no cause of action. The Wisconsin defendant answers, alleging his title, and that it was a *bona fide* purchase, and now insists that there is the one separable controversy between him and the plaintiffs, and that he is a

citizen of one state, and they all are citizens of other states. Waiving the question as to whether this is a case where technically a disclaimer is proper, I assume that the effect of the disclaimer is a confession of no interest,—a putting of one's self outside of the case, as having no controversy with the plaintiffs; and it is true that there remains for trial but the one controversy between the plaintiffs and this one defendant in Wisconsin. But recent decisions of the supreme court have materially limited what seemed to be the import of the rule in *Barney* v. *Latham,* 103 U. S. 205, and, in effect, say that the removal does not depend upon the question of what issue remains to be tried, but is to be determined by the nature of the cause of action presented in the complaint. If but one cause of action is presented, involving many defendants, the fact that these defendants have each separate defenses does not make separable controversies. The fact that one of them defaults, and so passes out of the controversy, does not leave a separable controversy as to the other remaining and contesting defendant.

The cases to which I refer are, first, *Railroad Co.* v. *Ide,* 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Putnam* v. *Ingraham,* 114 U. S. 57, 5 Sup. Ct. Rep. 746. In the first case the court say:

"The filing of separate answers, tendering separate issues for trial, by several defendants sued jointly in a state court, on a joint cause of action, does not divide the suit into separate controversies, so as to make it removable into the circuit court of the United States, under the last clause of section 2, act of March 3, 1875."

In the second case, of which there is no syllabus, it appears that the one defendant, Morgan, who was a citizen of the same state with plaintiffs, was in default. The defendants who had answered were all citizens of a state different from that of the plaintiffs; and the court say:

"The fact that Morgan has not answered, but is in default, is unimportant. The suit is still on joint causes of action, and the plaintiff, if he sustains the allegations of his complaint at the trial, will be entitled to a joint judgment against all the defendants. The default places the parties in no different position with reference to a removal than they would occupy if Morgan had answered, and set up an entirely different defense from that of the other defendants. A separate controversy is not introduced into the case by separate defenses to the same cause of action."

Now, under this complaint, there is but the one cause of action stated, —that these two defendants claim an interest in this property adverse to that of the foreclosure proceedings, and to the title which the plaintiffs maintain. It does not state two causes of action,—one against the Wisconsin and one against the Colorado defendant. There is but the one cause stated, and one relief asked,—a single judgment against both. It is true, under the pleadings as they now stand, one of these defendants practically asserts, "I have a good title;" and the other says, "I am not interested;" but still the cause of action which is the basis of the suit is single.

Another case, which is not exactly in point, but which throws some light on the question, is *Insurance Co.* v. *Huntington,* 117 U. S. 280, 6 Sup. Ct. Rep. 733.

There was a creditors' bill to obtain satisfaction of a judgment from property upon which were several prior liens. Some of those lien-holders having controversies, of course, as to the validity of their liens, were of different states than the complainant, but the supreme court say that that makes no difference. The plaintiff had but the one cause of action, and that for a decree applying the property to the payment of his claim after satisfaction of these prior claims, and it was not a case for removal.

Of course, this opens—and that is fairly to be considered—the possibility of a plaintiff making improper parties defendant in order to prevent a removal. I take it that there is no great danger in this direction, however; for if it appears that parties are named parties improperly, for the mere sake of preventing a removal, the court would not ignore that fact, or refuse a removal. But that can hardly be said to be the case here. The title was taken by one defendant upon execution sale, and he conveyed it to the Wisconsin defendant; and the allegation of the complaint is that that was a colorable transfer,—one without consideration; that really, while the legal title is transferred to the Wisconsin defendant, it is held by him in trust for these Colorado defendants. That may or may not be true. What may be the truth cannot, of course, be determined upon a motion to remand; nor is there any propriety in the court now considering the sufficiency of this complaint as a complaint. Whether it does or does not state a cause of action is not a question to be considered on the motion to remand. That is a matter which the court in which the proceedings are finally tried has a right to determine, and no court, upon a motion to remand, ought to consider the sufficiency or insufficiency of the bill. It is enough that the plaintiff in the state court has stated what seems to be a single cause of action, affecting, perhaps, differently different defendants, but still only a single cause of action; and that it does not appear that any defendant is collusively or improperly joined to prevent a removal.

The motion to remand will be sustained.