## SWEENEY v. GRAND ISLAND & W. C. R. CO. et al.

(Circuit Court, D. South Dakota, W. D. April 14, 1894.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY— SUIT TO ENFORCE MECHANICS' LIENS.

    A suit to enforce a mechanic's lien against a railroad, under a statute which requires all lien holders to be made parties, and their claims and priorities adjudicated (Laws S. D. 1893, c. 116, § 4), is not removable on the ground that there is a controversy between plaintiff and the railroad company which is separable from the matters affecting other lien holders who are defendants, and citizens of the same state with plaintiff. Supp. Rev. St. p. 612.

This was an action by Thomas Sweeney against the Grand Island & Wyoming Central Railroad Company; John and David Fitzgerald, copartners as John Fitzgerald & Bro.; John Carroll, Samuel E. Donoghue, and Frank P. Phillips, late copartners as Carroll, Donoghue & Co.; and the Congdon & Henry Hardware Company. The action was brought in a state court to enforce a mechanic's lien, and was removed to this court by the railroad company. Plaintiff moved to remand.

Charles W. Brown and Martin & Mason, for plaintiff.
N. K. Griggs, for defendant Grand Island & W. C. R. Co.

SANBORN, Circuit Judge. The plaintiff, Thomas Sweeney, makes a motion to remand this case to the circuit court of Pennington county, S. D. He brought this action in that court to enforce a mechanic's lien against certain real property of the railroad company situated in South Dakota, upon which the Congdon & Henry Hardware Company also claims to have a similar lien. The rail-

road company and John Fitzgerald and David Fitzgerald are citizens of Nebraska, and the company removed this action to this court on the ground that there was a controversy in it wholly between the plaintiff on one side and the railroad company and the two Fitzgeralds on the other, which could be fully determined as between them; but Thomas Sweeney and the Congdon & Henry Hardware Company are citizens of South Dakota, and it is claimed that this fact is fatal to the jurisdiction of this court.

Since the act of congress of August 13, 1888 (Supp. Rev. St. p. 613), the order of the circuit court refusing to remand a case to a state court is reviewable, but the order granting a motion to remand is final, and is not subject to review by any higher court. The right or removal is a cherished and valuable right, and an order that cannot be reviewed, and that determines that this right does not exist in any case, ought not to be granted without careful consideration, nor without due regard to the fact that, if erroneous, it leaves the petitioner remediless. In this view I have examined this case, and have become satisfied that this court has no jurisdiction of it, and that it would be futile to let it proceed to trial. That clause of section 2 of the act of March 3, 1887, as amended by the act of August 13, 1888, under which this action was removed, reads as follows:

"When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district." Supp. Rev. St. p. 612.

The statutes of South Dakota under which this action was brought provide that:

"Any person having a lien by virtue of this article may bring an action to enforce the same in the circuit court of the county or judicial subdivision where the property charged with such lien is situated, and any number of persons claiming liens against the same property may join in the same action, and whenever an action is brought by any one or more of them the court before proceeding in such action shall require that all persons claiming liens against the same property be brought in and made defendants or join with the plaintiff as shall seem to the court to be just and proper, and the court shall direct the time and manner of service, and may order service to be made by publication as in other cases and with like effect. The court may render judgment for or against one or more of the plaintiffs and for or against one or more of the several defendants and shall determine the ultimate legal and equitable rights of all the parties, and shall determine what liens are established, and the several amounts thereof, and may direct the sale of the property charged with said liens and direct the application of the proceeds of such sale to the satisfaction of all liens which have been established in said action ratably in proportion to the amounts thereof and without regard to the order of filing said liens, and the court may also allow as part of the costs the money paid for filing each lien and the sum of five dollars for drawing the same." Sess. Laws S. D. 1893, c. 116, § 4.

A suit against the owner of real property, and the holders of coeval and junior incumbrances upon it, to foreclose a lien and to subject the property to sale, to satisfy the lien, rests on a single and indivisible cause of action. The relief which the plaintiff seeks in such a suit is not the bare adjudication of the amount owing

by his debtor, nor is it the sale of the interest of the owner of the fee in the property, but, in addition to these, it includes the determination of the amounts and priorities of the liens upon it, the sale of the entire property discharged from those liens, and the distribution of the proceeds among the parties to the suit, according to their respective rights. It matters not that the plaintiff in such a suit might have maintained an action against the owner of the fee alone, and that the controversy between them might have been fully and completely determined without the presence of the incumbrancers. The only relief that could be obtained in such an action would be to determine the amount of the plaintiff's lien as against the owner, and to subject the interest of the owner of the fee in the property to a sale, subject to the rights of the incumbrancers. This falls far short of that complete relief usually sought in such suits, and far short of the relief prayed for in this action. The plaintiff has the right to this complete relief in a single suit in equity. To a suit in which the plaintiff seeks such relief every lienor of equal rank, and every junior incumbrancer, is an indispensable party, since his rights cannot be adjudicated nor foreclosed until he has had his day in court. The statute of South Dakota to which we have referred made the hardware company, and every other lienor, an indispensable party to this suit by its very terms.

In his complaint the plaintiff avers that the hardware company claims some interest in or lien upon the property in question which is inferior to his lien, and prays that the property be sold and the proceeds applied to pay his own claim. The railroad company insists that the controversy here is over the amount of the plaintiff's claim and the existence of his lien, that it is wholly between the plaintiff on one side and the railroad company and the two Fitzgeralds on the other, and that it can be fully determined between them alone. But the hardware company has the same right as the railroad company to contest the amount and the existence of the plaintiff's lien, and, if it can establish its own, it has every interest to defeat the plaintiff's. If it can entirely defeat it, the proceeds of the sale will inure to its sole benefit to the full amount of its lien, and, if it succeeds but in part, its proportion of the proceeds will increase as the claim of the plaintiff is diminished. A plaintiff in a suit to foreclose a lien cannot be compelled, at the option of any of the defendants, to divide his cause of action into as many separate controversies as there are separate defendants entitled to contest his claim. The option is with the plaintiff, and not with the defendants, to determine whether or not he will have the complete relief to which the rules and practice in equity entitle him, in a single suit or in several suits. Yet every lienor is entitled to contest the plaintiff's claim. How, then, can it be successfully maintained that the controversy over it can be fully determined between the plaintiff and the owner of the property without the presence of the incumbrancers? Every subsequent incumbrancer is a necessary party to its complete determination, and every such incumbrancer is interested to defeat or to diminish the amount of the lien of the plaintiff, and naturally ranges himself on the same

side of the controversy as does the owner of the property. It matters not that controversies may arise in the case over the priorities of liens, or over other minor issues, in which only a part of the parties may be interested, nor that different defendants in the suit may have separate and different defenses. These contests are mere incidents to the main suit. They do not constitute separable controversies, within the meaning of the act of congress, and separate defenses do not make separable controversies.

In my opinion, congress has not given this court jurisdiction of this suit, because the cause of action stated in the complaint is single and indivisible, the respective interests of the plaintiff and the hardware company range them on opposite sides of the controversy involved in it, that controversy cannot be fully determined without the presence of both of them, and they are citizens of the same state. Hax v. Caspar, 31 Fed. 499; Ayers v. Chicago, 101 U. S. 184; Safe Deposit Co. v. Huntington, 117 U. S. 280, 6 Sup. Ct. 733; Graves v. Corbin, 132 U. S. 571, 588, 10 Sup. Ct. 196; Brown v. Trousdale, 138 U. S. 389, 396, 11 Sup. Ct. 308; Torrence v. Shedd, 144 U. S. 527, 531, 12 Sup. Ct. 726; Bellaire v. Railroad Co., 146 U. S. 117, 13 Sup. Ct. 16.

The motion to remand must be granted.

For similar reasons, like motions must be granted in Nos. 84, 85, 86, 87, 88, 90, 91.