SPRINGER v. AMERICAN TOBACCO CO.

(District Court, W. D. Kentucky. October 13, 1913.)

No. 125.

REMOVAL OF CAUSES (§ 110*)—RIGHT OF REMOVAL—SECOND REMOVAL AFTER REMAND.

Where an action in a state court against two joint defendants one of whom was a citizen of the state, as was plaintiff, was removed by the nonresident defendant on the ground that its codefendant was fraudulently joined to prevent a removal, but was remanded, the petitioner's right of removal was thereby finally adjudicated, and the fact that on a trial on the merits in the state court at the close of plaintiff's case a verdict was directed for the local defendant on his motion did not give the nonresident defendant the right to again remove the cause, especially on the original petition.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 236; Dec. Dig. § 110.*]

At Law. Action by Fred. Springer against the American Tobacco Company. On motion to remand to state court. Motion granted.

Walter S. Mendel and O'Doherty & Yonts, all of Louisville, Ky., for plaintiff.

A. E. Richards, of Louisville, Ky., for defendant.

EVANS, District Judge. This action, in which the plaintiff seeks to recover damages from the defendant to the extent of $20,000 for injuries alleged to have been inflicted upon him by the wrongful and negligent acts of the defendant and one Gunther jointly, was brought in the state court, and in July, 1912, was removed to this court on the petition of the American Tobacco Company. The petition for the removal presented to the state court showed that the American Tobacco Company was a citizen of New Jersey, and that the plaintiff was a citizen of Kentucky. Stated broadly, the petition for removal also showed that the defendant Gunther was a citizen of Kentucky and that the plaintiff had joined him as a defendant for the sole and fraudulent purpose of preventing a removal of the action to this court. The petition set out in detail the facts upon which this general conclusion was drawn. Though they were denied by the plaintiff, no testimony was offered in support of the allegations of the petition for removal, or, if offered, was held insufficient, and on October 15, 1912, after full argument, an order was made remanding the case to the state court. It was redocketed there and the issues formed by the pleadings came to trial before a jury. At the close of the plaintiff's testimony, the defendant Gunther moved the court to direct a verdict in his favor. This motion was sustained, and a verdict accordingly was returned and a judgment in Gunther's favor was entered. At that point, and before any other step was taken in the case, as between the plaintiff and defendant American Tobacco Company, the latter moved the court to remove the case to this court "on the petition heretofore filed." In support of this motion the tobacco company tendered a bond with

surety which was approved by the state court, and thereupon the motion to remove the case to this court was sustained; the action having then, by reason of the directed verdict in Gunther's favor, taken the form of one which was solely between the plaintiff, a citizen of Kentucky, and the American Tobacco Company, a citizen of New Jersey. The plaintiff has moved to remand the action upon the grounds: First, that the defendant has failed to file a petition for such removal; and, second, that the defendant has not filed a sufficient petition therefor.

Probably these grounds are sufficient, per se, to authorize the remanding of the case; but, in any event, the court must search the record and ascertain therefrom whether it has acquired jurisdiction of the action under the laws of the United States. Judicial Code, § 37 [Act March 3, 1911, c. 231, 36 Stat. 1098 (U. S. Comp. St. Supp. 1911, p. 146)].

It is difficult to escape the conclusion, and we must hold, that the judgment of this court on the motion to remand was a final and, because not appealable, was an uncontestable adjudication of the question of the right to remove the case upon the petition filed in July, 1912. Certainly it was so upon the case as then presented by the record, and we cannot see how the Removal Act of March 3, 1887, c. 373, § 1, 24 Stat. 552 (U. S. Comp. St. 1901, p. 509), or the Judicial Code has authorized a second petition for removal "upon the same grounds" any more than did the Removal Act of March 3, 1875, c. 137, § 2, 18 Stat. 470 [U. S. Comp. St. 1901, p. 509], as to which the Supreme Court expressed its judgment in St. Paul & Chicago R. Co. v. McLean, 108 U. S. 217, 2 Sup. Ct. 498, 27 L. Ed. 703.

In Huskins v. Cincinnati, etc., R. Co. (C. C.) 37 Fed. 504, 3 L. R. A. 545, and other cases where the plaintiff, after the time for answering in the state court had expired, amended his petition so as to cause, for the first time, the amount claimed by him to exceed the jurisdictional amount prescribed in the act, it was held that the defendant, who theretofore had no right to remove the case, might at once present his petition and obtain that relief.

It was held in Powers v. C. & O. Ry. Co., 169 U. S. 92, 101, 102, 18 Sup. Ct. 264, 42 L. Ed. 673, that, if the plaintiff discontinues his suit against one defendant who has the same citizenship as the plaintiff, the other defendant whose citizenship is diverse to that of the plaintiff may file even a second petition to remove the case because theretofore the act and conduct of the plaintiff alone had kept the case from being one in which a removal was authorized. Such second petition would not be upon the same grounds as the first, but upon another. When the plaintiff voluntarily acts and himself eliminates the only obstacle to a removal of the case, and thereby for the first time leaves the case open to that remedy, there seems to be no doubt that the right to remove may be made available, and in such cases the plaintiff is estopped from insisting that the petition to remove comes too late.

Differing from those instructive cases, there was here, after the action was remanded, a trial on the merits, and by the judgment of

the court, upon Gunther's motion and not upon the motion of the plaintiff, Gunther, upon plaintiff's testimony, was adjudged not to be liable for plaintiff's demand, and we think this disposition of the case on the merits as between the plaintiff and Gunther did not give the American Tobacco Company the right again to remove the case to this court. This question seems to be expressly ruled in Whitcomb v. Smithson, 175 U. S. 637, 20 Sup. Ct. 248, 44 L. Ed. 303, and see to the same general effect Kansas City, etc., R. Co. v. Herman, 187 U. S. 63, 68, 69, 23 Sup. Ct. 24, 47 L. Ed. 76.

But if we are mistaken in this, we think the tobacco company could not have secured a second removal unless possibly upon a petition which showed the fact to be that the judgment of the state court had not been rendered upon the merits of the controversy between the plaintiff and Gunther, but upon the sole ground that the joinder of Gunther was shown by the testimony to have been fraudulent and made with the sole purpose of thereby preventing a removal—testimony presumably not admitted upon the trial on the merits inasmuch as that issue had been finally disposed of. No petition making any such showing was filed or tendered, and, as indicated, we hold that the question was a thing adjudicated by the judgment of this court in July, 1912, upon the first motion to remand.

It results that the present motion to remand must also be sustained.