MARY J. GURLEY, ADMINISTRATRIX, v. THE SOUTHERN POWER COMPANY AND G. C. HOWARD.

(Filed 2 May, 1917.)

**Removal of Causes—Federal Courts—Diversity of Citizenship—Pleadings—Judgments—Severable Controversy.**

Where suit is brought against a resident and nonresident defendant, upon motion of the latter to remove it to the Federal court for diversity of citizenship the plaintiff is entitled to have his cause considered and dealt with as stated in his complaint, and ordinarily under conditions existent at or before the time the defendant is required to answer; and where the plaintiff has alleged a joint cause of action, and has not voluntarily discontinued his action against the resident defendant, but on defendant's appeal from a joint judgment the judgment is affirmed as to the resident defendant and a new trial granted to the nonresident, it does not work such a severance as to constitute a separable controversy within the meaning of the removal statutes, and a motion thereafter duly made to remove the cause will be denied.

CIVIL ACTION, heard on motion by defendant The Southern Power Company, to remove the cause to the Federal court, before Long, J., at January Term, 1917, of GUILFORD.

The said motion was denied, the order to that effect being entered in terms as follows:

"This cause, coming on at this term, January, 1917, for a hearing, upon the motion of the defendant Southern Power Company to remove this case into the United States District Court for the Western District of North Carolina, upon the complaint and the answer, and especially upon the petition filed by the Southern Power Company, that is to say, upon the whole record in the cause in this court and in the Supreme Court in this cause, it appearing that the bond had

been filed by the petitioner; and it appearing to this court that the plaintiff has never submitted to a nonsuit against the resident defendant, but insists upon prosecuting the action agreeably to the averments made in the original complaint, against both defendants, the motion to remove is denied."

To this ruling defendant the Southern Power Company excepted and appealed.

*Peacock & Dalton and Brooks, Sapp & Williams for plaintiff.*
*King & Kimball for defendant.*
*Osborne, Cocke & Robinson for Power Company.*

HOKE, J. The action was originally brought by the plaintiff as administratrix of the estate of Samuel Shropshire, deceased, to recover for the death of her intestate, alleged to have been caused by the joint negligence of the defendant the Southern Power Company and G. C. Howard. The action was first tried at the February Term, 1916, of the Superior Court of Guilford County, and the jury for their verdict found that the death of the plaintiff's intestate was caused by the negligence of both of the defendants, as alleged in the complaint, and assessed the plaintiff's damages at $10,000. From the judgment entered upon this verdict the defendants appealed. The appeal was heard at Fall Term, 1916, and the judgment as to the defendant Howard was affirmed, and a new trial was awarded as to the defendant the Southern Power Company.

The mandate of this Court was certified down to the court below on 2 January, 1917. At the first term of said Superior Court to be held subsequent to the coming down of the said mandate, that is to say, at January Term, 1917, the defendant the Southern Power Company, after proper notice to the plaintiff, presented to the court below its petition and bond for the removal of the cause to the United States District Court for the Western District of North Carolina, on the ground that the affirmance of the judgment as to Howard (who with the plaintiff is a resident of this State) and the awarding of a new trial as to it (a nonresident of this State) effect a severance of the plaintiff's original action brought upon the alleged joint liability of both defendants as joint tort-feasors, and presents a severable controversy, removable to the Federal court under the statutes controlling the subject.

Under the Federal statutes applicable and authoritative decisions construing the same, on motion to remove a cause to the United States District Court by reason of the presence of a separable con-

GURLEY v. POWER CO.

troversy between a plaintiff and nonresident defendant, such plaintiff is entitled to have his cause of action considered and dealt with as stated in his complaint, and, ordinarily, as his complaint presents them at or before the time when defendant, the applicant, is required to answer. *Southern Ry. v. Miller,* 217 U. S., 209; *Ala. Ry. v. Thompson,* 200 U. S., 206; *Ches. and Ohio R. R. v. Dixon,* 179 U. S., 131; *Rea v. Mirror Co.,* 158 N. C., pp. 24, 27; *Hough v. R. R.,* 144 N. C., 704; *Western Union v. Griffith,* 104 Ga., 56; *Nat. Docks, etc., Ry. v. Penn. Ry.,* 52 N. J. Eq., 58; Federal Judicial Code, sec. 29.

Under the present statute we find no decision which justifies a departure from these requirements by reason of changes subsequently occurring in the record, unless these changes have been brought about by the voluntary action of plaintiff himself, as when he voluntarily discontinues his action against the resident defendant, the case presented in *Powers v. R. R.,* 169 U. S., 92, or by amendment subsequently made, he states a separable controversy when none had been originally presented. *Fritzlen v. Boatmen's Bank,* 212 U. S., 364.

In this case plaintiff, by allegation and proof, seeks to recover for a joint wrong. On the facts disclosed and under the principles prevailing in this jurisdiction she had a right, at her election, so to prosecute her suit. *Rea v. Mirror Co., supra; Hough v. R. R., supra.* She has insisted on that right throughout and has thus far done nothing of her own motion to abandon or waive it. In such case the mere fact that, on appeal from a joint judgment, a new trial has been granted at the instance of appellant does not, in our opinion, work such a severance as to constitute a separable controversy within the meaning of the removal statutes. In *Brooks v. Clark,* 119 U. S., 502, defendant in error, Edward S. Clark, citizen and resident of Pennsylvania, in Dec., 1884, instituted his action in the courts of that State against Josiah D. Brooks, also a citizen and resident of Pennsylvania, and Charles H. Brooks, resident in the State of New York, to enforce a partnership liability, as surviving partners of Brooks, Miller & Co. Service was accepted as to Josiah D. Brooks, resident, and judgment final was had against him for the amount, 26 January, 1883. On 3 February Charles H. Brooks accepted service on the original process and, in May following, filed his affidavit of defense, setting up facts in exoneration special to him, and thereupon preferred his petition for removal of the cause to the Federal court, on the ground that, under existent conditions, the record presented a separable controversy. The cause having been removed, a motion to remand was allowed, and, on writ of error, this order was affirmed

in the Supreme Court, the Court holding, among other things: "(1) That under the practice in Pennsylvania this was a proceeding in the original suit, under the original cause of action; (2) That the controversy was not a separable one within the meaning of the removal act of 1875; (3) That the fact that the liability of C. had been fixed by the entry of judgment against him did not affect the principle."

In a former suit relating to this subject, *Putnam v. Ingraham,* 114 U. S., 57, there had been judgment by default taken against the resident defendant, and the cause having been removed on petition of the nonresident, alleging the existence of a severable controversy, an order remanding the same to the State court was also affirmed on writ of error, and in *Brooks v. Clark, supra,* Chief Justice Waite, delivering the opinion and speaking of the two cases, said: "It is true, there is now no longer any controversy upon the original cause of action with Josiah D. Brooks, against whom a final judgment has already been rendered; but neither was there in *Putnam v. Ingraham, supra.* In this respect the two causes differ in degree and not in kind. In this case the proceedings had gone one step further than in the other, and the default of Joseph D. Brooks had been fixed by the judgment. In principle, however, the cases are alike." And in *Putnam v. Ingraham, supra,* the same judge delivering the opinion and speaking to the existence of a statute in Connecticut similar to our own, Revisal, sec. 563, authorizing a judgment against one or more defendants, said: "In Connecticut, as in New York, judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants, etc., and, in addition to this, the court may, in Connecticut, determine the ultimate rights of the parties on each side as between themselves and grant to defendant affirmative relief, etc. But this, as we have said in the case just decided (*Louisville, etc. R. R. v. Ide,* 114 U. S., 52), does not make a joint suit into separate parts. The suit is still one and indivisible for the purpose of removal."

These cases seem to be decisive of the question presented on this appeal, and the same principle has been stated with approval in several other decisions of the United States Supreme Court dealing with the subject. *American Car, etc. Co. v. Ketteldrake,* 236 U. S., 311; *Lathrop, Shea & Hillwood Co. v. Interior Cars Co., etc.,* 215 U. S., 246; *Kansas City, etc. Ry. v. Herman,* 187 U. S., 63; *Whitcombe v. Southern,* 175 U. S., 635, cited in *Lloyd v. R. R.,* 162 N. C., pp. 485-497; *Springer v. Amer. Tob. Co.,* 208 Fed., 199; *Wax et al. v. Caspar.* 31 Fed., 499.

In *American Car Co. case, supra, Associate Justice Day,* after reviewing several of the decisions referred to, said: "Taking these cases together, we think it fairly appears from them that when there is a joint cause of action against defendants, a resident in the same State with plaintiff, it must appear to make the case a removable one as to nonresident defendants and resident defendants because of dismissal as to resident defendants, that the dicontinuance as to such defendants was voluntary on the part of plaintiff and that such action has taken the resident defendants out of the case so as to leave a controversy wholly between the plaintiff and the nonresident defendant."

In *Lathrop's case, supra,* it was held: "Where plaintiff in good faith insists on the joint liability of all the defendants until the close of the trial, the dismissal of the complaint on the merits as to the defendants, who are citizens of plaintiff's State, does not operate to make the cause then removable as to nonresident defendants and to prevent the plaintiff from taking a verdict against the defendants who might have removed the cause had they been sued alone or if there had originally been separable controversy as to them."

In *Hax et al v. Caspar,* where there had been a disclaimer by the two resident defendants and the cause removed on the application of the nonresident, in granting the plaintiff's motion to remand, it was held: "The removal of the cause from a State to a Federal court does not depend upon the question of what issue remains to be tried, but must be determined by the nature of the cause of action presented in the complaint. If there be but one involving many defendants, the fact that each makes a separate defense does not make severable controversies, nor does the default of one of them or his disclaimer of title to the land in controversy give a right of removal to the contesting defendant who is a citizen of the State other than that of plaintiffs."

We are referred by counsel for appellant to the case of *Yulee v. Vose,* 99 U. S., 539, as an authority in support of the petition. That was a decision upholding a right of removal under the act of 1866 which permitted such a petition to be filed at any time before the trial or final hearing, and provided, further, that when there was a suit between resident and nonresident defendants, and there could be a final determination of the controversy as to the nonresident without the presence of the others, the suit could be removed as to the nonresident, leaving the cause to be proceeded with in the State courts as to the resident defendants. Both on the facts and the statute

applicable there is such a marked difference between the two cases that the decision can in no sense be considered an authority for defendant's position on the present record.

The same case was very much relied on by plaintiff in error in the subsequent decision of *Brooks v. Clark,* heretofore cited, and in the latter case *Chief Justice Waite,* who delivered both opinions, refers very fully to the difference in the two statutes and gives decided intimation, if he does not fully decide, that *Yulee v. Vose* is not an authority as to proceedings under the present law.

On careful consideration of the record, we concur in his Honor's view, that no removable case has been presented, and his order denying appellant's petition to that effect is affirmed.

Judgment affirmed.