MACE v. MAYFIELD et al.

(District Court, E. D. South Carolina. January 15, 1926.)

No. 371.

1. Removal of causes ⬤⟹92—Court warranted in striking illegible portions of transcript from file.

Where transcript on removal from state court violated District Court rule 240, because so illegible as to be hardly read, court would be warranted in striking such portions from file.

2. Removal of causes ⬤⟹53—Action to foreclose mortgage to which each defendant makes separate defense held not removable; "controversy."

Action to foreclose mortgage, to which lien claimants were made defendants, was not removable to federal court because each defendant had separate defense; separate defenses not creating separable controversies within Removal Act (Comp. St. § 1010 et seq.).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Controversy.]

3. Removal of causes ⬤⟹3—That federal court first acquires jurisdiction of res does not give right of removal.

That federal court first acquires jurisdiction of the res does not give right of removal from state court of action involving such res, either under Removal Act (Comp. St. § 1010 et seq.) or other statutes.

4. Removal of causes ⬤⟹26—When removal is authorized from state to federal court stated.

Under Removal Act (Comp. St. § 1010 et seq.), removal of suit from state to federal court is authorized only where controversy is wholly between citizens of different states, or where there is a separable controversy as between citizens of different states, who are parties to the cause in the state court.

5. Courts ⬤⟹497—Court first acquiring jurisdiction over res will hold it to exclusion of other court.

As between state and federal courts, court first acquiring jurisdiction over res will hold it to exclusion of other court.

6. Courts ⬤⟹497—Application of rule that court first acquiring jurisdiction of res retains it stated.

Rule that court first acquiring jurisdiction of res will retain it is not limited to cases where property has been seized under judicial process before second suit is instituted in another court, but applies to suits to enforce liens against specific property, to marshal assets, administer trusts, liquidate insolvent estates, etc.

In Equity. Suit by J. A. Mace against S. G. Mayfield, the Savannah Bank & Trust Company, and others, removed from the state court on petition of defendant last named. On plaintiff's motion to remand to state court. Motion granted without prejudice.

S. G. Mayfield, of Bamberg, S. C., for plaintiff.

H. L. O'Bannon, of Barnwell, S. C., for defendant Savannah Bank & Trust Co.

ERNEST F. COCHRAN, District Judge. [1] The above-entitled case was removed from the state court to this court on the petition of one of the defendants, the Savannah Bank & Trust Company. The plaintiff, J. A. Mace, has made a motion to remand to the state court. The record is a voluminous one, and the facts are to some extent complicated. Despite the pressure of official duties at this time, I have read and studied the record very carefully. I may say, however, in this connection, that

the condition of the transcript from the state court of the record has added considerably to my labor in endeavoring to arrive at what are the essential facts necessary to a decision of the case. The transcript referred to violates rule 240 of this court. Most of the transcript is very illegible, and this is especially so in regard to the copies of the original complaint and the amended complaint as set forth in the transcript, which are so indistinct that they can hardly be read at all. The court would be warranted in striking those parts of the record from the file, but has not felt disposed to take such drastic action, especially in view of the importance of the matter to the parties.

The Savannah Bank & Trust Company bases its right of removal on two grounds, to wit: (1) Because it claims that there is a separable controversy between it and the plaintiff; and (2) because it claims that it had previously instituted in this court a suit to foreclose its mortgage on a part of the property which is sought to be foreclosed in the suit in the state court.

[2] In order to determine whether there is a separable controversy or not, it will be necessary to consider what is the nature of the case the plaintiff, Mace, has brought in the state court. Both from the original complaint and the amended complaint filed in the state court it appears to be simply a case brought by the plaintiff, Mace, to foreclose a mortgage, and the Savannah Bank & Trust Company and others are made parties to the case because of their claims of some liens or interest in the premises. This does not present a separable controversy. The case in the state court, as brought by the plaintiff, is an action to foreclose a mortgage on incumbered property, and to provide for its sale and a distribution of the proceeds among the lienholders according to their respective priorities. There is but a single cause of action, and that is the equitable distribution of the proceeds of such sale. Each of the defendants may have separate defenses to the action, but separate defenses do not create separable controversies, within the meaning of the Removal Act (Comp. St. § 1010 et seq.).

What the plaintiff wants is not partial relief, settling his rights in the property as against the Savannah Bank & Trust Company alone, but a complete decree, which will give him a sale of the entire property free of all incumbrances and a division of the proceeds as the adjusted equities of each and all the parties shall require. The facts as set forth in the petition to remove the cause show the questions that will arise between Mace and the Savannah Bank & Trust Company under this branch of the one controversy, but it does not create another controversy. The remedy which the plaintiff, Mace, seeks requires the presence of all the defendants and a settlement, not of one only, but of all, the branches of the case. This precise question has been definitely settled by the Supreme Court of the United States in the case of Fidelity Insurance, Trust & Safe Deposit Co. v. Huntington, 117 U. S. 280, 6 S. Ct. 733, 29 L. Ed. 898. In that case the substantial facts are precisely the same as in the case at bar, and it was held that there was no separable controversy and that the case should be remanded to the state court. There is absolutely no possible way of distinguishing that case from this case upon the present point. Fidelity Insurance, Trust & Safe Deposit Co. v. Huntington, 117 U. S. 280, 6 S. Ct. 733, 29 L. Ed. 898.

The Savannah Bank & Trust Company also contends, however, that it has a right to remove the case because of the fact of its filing of its suit to foreclose its mortgage on a part of the same land in this court before the filing of this suit of Mace in the state court. It is unnecessary to recite all of the voluminous facts as set forth in the petition for removal. So far as concerns this point, the substantial facts are that the Savannah Bank & Trust Company, on August 18, 1925, filed in this court its suit against Leda K. Mayfield and others, to foreclose a mortgage on certain tracts of land executed by her. It appears that she had conveyed this land and certain other tracts to S. G. Mayfield, and he was therefore made a party. Certain other alleged lienholders and claimants of interest in the property were also made parties. The original notes and mortgages upon which this suit was based were executed by Leda K. Mayfield to the Savannah Chemical Company, and claimed to have been assigned by that company to the Savannah Bank & Trust Company. Neither the Savannah Chemical Company nor Mace, the plaintiff in the action in the state court, was made a party to this suit in the federal court. None of the defendants in this suit in the federal court were served before August 21, 1925, and on that date, Leda K. Mayfield and several of her codefendants were served. Others were served at later periods.

The suit in the state court (which has been removed to this court) was brought by

the plaintiff, Mace, against S. G. Mayfield and others, and the original summons and complaint was filed in the state court on August 20, 1925. It appears that Leda K. Mayfield had conveyed the tract of land covered by the mortgage to the Savannah Chemical Company, which was assigned to the Savannah Bank & Trust Company, and several other tracts, to S. G. Mayfield, who thereupon mortgaged all the tracts to the plaintiff, Mace, and Mace brought this suit in the state court to foreclose his mortgage on all the tracts, making S. G. Mayfield, Leda K. Mayfield, and others parties, including the Savannah Chemical Company. But the Savannah Bank & Trust Company was not made a party to this suit originally. The original summons and complaint were served on S. G. Mayfield, Leda K. Mayfield, and a number of other parties on August 20, 1925. Afterwards the summons and complaint were amended, so as to make the Savannah Bank & Trust Company and J. K. and W. D. Mayfield parties. The amended summons and complaint were served on the Savannah Bank & Trust Company and on the Savannah Chemical Company on August 27, 1925.

[3, 4] From these facts, the Savannah Bank & Trust Company claims that this court first acquired jurisdiction over a part of the res which is the subject of the action in the state court, and that the two courts cannot administer upon the same property or fund, and that it has therefore a right to remove the cause commenced in the state court into this court in order that the two cases may be consolidated and the rights and equities of all the parties in all of the lands in question be settled and adjusted by one court. It is unnecessary, in the view that I take of the case, to decide now whether this court or the state court first acquired jurisdiction over the res. Assuming, without deciding, that this court first acquired jurisdiction, nevertheless that does not give the right of removal. It may be that it would be more convenient in such case for causes in the state court to be removed to this court, but the answer to it is that Congress has not seen fit to provide for such case. There is nothing in the Removal Act, nor has my attention been called to any act of Congress, which authorizes a removal upon such grounds. The only removal authorized by the act of Congress is where there is a controversy wholly between citizens of different states, or where in a cause in the state court there is a separable controversy as between citizen of different states who are parties to the cause in the state court. There is no claim that the whole controversy in this case is between citizens of different states. The case of Fidelity Insurance, Trust & Safe Deposit Co. v. Huntington, supra, is conclusive upon the proposition that there is no separable controversy presented in this case.

[5] Counsel for the Savannah Bank & Trust Company have argued very strenuously that this court has acquired jurisdiction in the case brought by the Savannah Bank & Trust Company over the res, and that the state court cannot hold jurisdiction. The law is well-settled that the court which first acquires jurisdiction over the res will hold it to the exclusion of the other court. It was decided in Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390, and in numerous cases since that time, and quite recently in the case of Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, that where an action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs and may defeat the jurisdiction of the federal court already attached; and the converse of the proposition is equally true that, where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction. As was said in Covell v. Heyman, supra:

"The forbearance which courts of co-ordinate jurisdiction, administered under a single system, exercise towards each other, whereby conflicts are avoided, by avoiding interference with the process of each other, is a principle of comity, with perhaps no higher sanction than the utility which comes from concord; but between state courts and those of the United States it is something more. It is a principle of right and of law, and therefore of necessity. It leaves nothing to discretion or mere convenience. These courts do not belong to the same system, so far as their jurisdiction is concurrent; and although they coexist in the same space, they are independent and have no common superior. They exercise jurisdiction, it is true, within the same territory, but not in the same plane; and when one takes into its jurisdiction a specific thing, that res is as

much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. To attempt to seize it by a foreign process is futile and void. The regulation of process, and the decision of questions relating to it, are part of the jurisdiction of the court from which it issues." Covell v. Heyman, supra.

[6] And the rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court, but it applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts, or liquidate insolvent estates, and in all suits of like nature. Kline v. Burke Construction Co., supra.

These principles are well established, but, as I have already stated, it is not necessary now to decide whether the state court or this court has acquired jurisdiction over the res. I shall assume that, if the facts show that the state court has not acquired jurisdiction, upon the matter being properly drawn to its attention, it will abstain from proceeding. If the state court has not acquired jurisdiction, and should proceed with the case, the Savannah Bank & Trust Company have their remedy in that respect. When this remedy is sought, and the question is properly before this court, this court will then decide whether the state court or this court first acquired jurisdiction.

This order will be made without prejudice to the rights of the Savannah Bank & Trust Company, the plaintiff, J. A. Mace, or any of the parties to either of said actions, to raise this question of jurisdiction, either before the state court or before this court, in any appropriate manner, or to avail themselves of any proper remedy or proceeding to enforce any rights they may have relative to the said question of jurisdiction.

It is therefore ordered, adjudged, and decreed that the above-entitled cause of J. A. Mace v. S. G. Mayfield and others be and the same is hereby remanded to the court of common pleas for Bamberg county, S. C., without prejudice, however, to the rights of any party to that case, or any party to the case brought by the Savannah Bank & Trust Company as plaintiff in this court against Leda K. Mayfield and others, to raise this question of jurisdiction either before the state court or before this court, in any appropriate manner, or to avail themselves of any proper remedy or proceeding to enforce any rights they may have relative to the said question of jurisdiction.