**CITIZENS' & SOUTHERN BANK OF SOUTH CAROLINA v. PINE FOREST INN CO. et al.**

District Court, E. D. South Carolina. March 15, 1929.

No. 465.

.302

M. Rutledge Rivers and Julian Mitchell, both of Charleston, S. C., for plaintiff.

Legare Walker, of Summerville, S. C., for defendant Baroness de Graffenreid.

Henry Buist, of Charleston, S. C., for defendant Globe Automatic Sprinkler Co.

ERNEST F. COCHRAN, District Judge. The plaintiff brought its action in the state court to foreclose a mortgage executed by the Pine Forest Inn Company covering real estate and all additions thereto. The complaint alleges that the mortgage contained a clause to the effect that it should include all equipment, fixtures, machinery, etc., incidental to or used in connection with the Pine Forest Inn, together with all additions to the same. It further alleges that the defendant Gertrude Baroness de Graffenreid had obtained a judgment against the Pine Forest Inn Company, and claims an interest in the mortgaged property. It also alleges that the Globe Automatic Sprinkler Company claims some right or interest in the fire protection system on the mortgaged premises sought to be foreclosed. The remaining allegations are those usual and appropriate for a bill of foreclosure and sale. The plaintiff and the defendant Pine Forest Inn Company are both citizens of South Carolina. The Globe Automatic Sprinkler Company is a citizen of New Jersey. The citizenship of the defendant Gertrude Baroness de Graffenreid does not appear in the record.

The Globe Automatic Sprinkler Company filed a petition removing the case to this court on the ground that there existed between it and the plaintiff a separable controversy. The petition states that the interest of the Globe Automatic Sprinkler Company in the fire protection system upon the mortgaged premises sought to be foreclosed is the right of the Globe Automatic Sprinkler Company to a first prior lien on the fire protection system on the mortgaged premises by reason of an agreement of sale and purchase thereof between it and the Pine Forest Inn Company duly entered into and recorded before the system had been installed on the premises. There are no allegations in the petition asserting a fraudulent joinder, nor is any such claim made.

The plaintiff has made a motion to remand the case to the state court and the sole question presented for decision is whether or not there is a separable controversy between the plaintiff and the Globe Automatic Sprinkler Company, which can be wholly determined between them without the presence of the other parties.

This same question was before this court in the case of Mace v. Mayfield, 10 F.(2d) 231, and it was there held that in an action brought by a mortgagee against a mortgagor and other parties claiming liens or some interest in the premises, for the purpose of a sale of the property and distribution of the proceeds among the lienholders according to their respective priorities, a controversy respecting one of the lienholders' claims did not present such a separable controversy as to authorize a removal. The decision was rested upon the case of Fidelity Insurance, Trust & Safe Deposit Co. v. Huntington, 117 U. S. 280, 6 S. Ct. 733, 29 L. Ed. 898.

The learned counsel for the Globe Automatic Sprinkler Company argued with great ability that the decisions lead to a contrary conclusion, and in view of the earnestness with which this argument has been made, I have reconsidered the question decided in Mace v. Mayfield and examined the decisions more fully.

Where a mortgagee or lienholder brings an administration bill by which he seeks the sale of the entire property free of incumbrances, and the distribution of its proceeds to all parties interested according to their rights, every lienholder and every person interested in the property is a necessary party to the accomplishment of the main purpose of the suit, and the controversies between the plaintiff and the lienholders and claimants are inseparable parts of the main and single cause of action he presents. The relief which the plaintiff seeks in such a suit is not the bare adjudication of the amount owing by his debtor, nor is it the sale of the interest of the owner of the fee in the property; but in addition to these, it includes the determination of the amounts and priorities of the liens upon it, the sale of the entire property discharged from those liens, and the distribution of the proceeds among the parties to the suit, according to their respective rights. It matters not that

the plaintiff in such suit might have maintained an action against the owner of the fee alone, and that the controversy between them might have been fully and completely determined without the presence of the incumbrancers. The only relief that could be obtained in such an action would be to determine the amount of the plaintiff's claim or lien as against the owner, and to subject the interest of the owner of the fee in the property to a sale subject to the rights of the incumbrancers. But this falls far short of the complete relief usually sought in such suits; and the plaintiff has the right to complete relief in a single suit in equity. These principles are firmly established. Winchester v. Loud, 108 U. S. 130, 2 S. Ct. 311, 27 L. Ed. 677; Shainwald v. Lewis, 108 U. S. 158, 2 S. Ct. 385, 27 L. Ed. 691; Ayres v. Wiswall, 112 U. S. 187, 5 S. Ct. 90, 28 L. Ed. 693; Fidelity Ins. Trust & Safe-Deposit Co. v. Huntington, 117 U. S. 280, 6 S. Ct. 733, 29 L. Ed. 898; Graves v. Corbin, 132 U. S. 571, 585, 588, 10 S. Ct. 196, 33 L. Ed. 462; Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528; Sweeney v. Grand Island, etc. (C. C.) 61 F. 3.

From these principles it follows that there is no separable controversy here between the Globe Automatic Sprinkler Company and the plaintiff, but that controversy is incidental to the main controversy between the plaintiff and the Pine Forest Inn Company for the foreclosure of the mortgage. But, in addition to this, when the nature of a mortgage of real estate under the law of South Carolina is taken into consideration, there can be no doubt whatever that there is no separable controversy. It has long been settled in South Carolina that, since the act of 1791 (section 5223 of the Code of Laws of South Carolina of 1922, vol. 3), a mortgage of real estate is not a conveyance, but merely a pledge, and the mortgagee has no title even after condition broken, but merely a lien upon the mortgaged property. Simons v. Bryce, 10 S. C. 354, 369; Seignious v. Pate, 32 S. C. 134, 136, 10 S. E. 880, 17 Am. St. Rep. 846; Hardin v. Hardin, 34 S. C. 77, 80, 12 S. E. 936, 27 Am. St. Rep. 786; Burkett v. Whittemore, 36 S. C. 428, 435, 15 S. E. 616; Glover v. U. S., 164 U. S. 294, 296, 17 S. Ct. 95, 41 L. Ed. 440.

Inasmuch as the plaintiff, as mortgagee, has no title to the property, but merely a lien, it follows that it could not bring an action against the Globe Automatic Sprinkler Company, to test the validity of the latter's lien, or any claim of priority as between the two, without making the Pine Forest Inn Company a party to such action. In other words, the plaintiff is not in position to attack the validity of the lien of the Globe Automatic Sprinkler Company or to assert any priority over the same, except in and through a suit brought by it against the Pine Forest Inn Company to foreclose its mortgage. The mortgage giving merely a lien, the suit is a suit by one lienholder against the owner and other lienholders to establish the lien and its rank, and under the principles laid down in Fidelity Insurance Co. v. Huntington, supra, the controversy between the two lienholders is undoubtedly inseparable from the controversy raised by the suit to foreclose the mortgage.

I will now consider the cases cited by the counsel for the Globe Automatic Sprinkler Company. The first case cited is Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551. In that case, the court held that where a junior mortgagee brought an action to foreclose, joining the senior mortgagee as defendant, and attacking the validity of his mortgage, as did the owner of the property, also a defendant, a separable controversy existed between the senior incumbrancer on the one side, and the owner and the junior incumbrancer on the other side, which is removable, as diverse citizenship existed, when the parties were so arranged. But the court said that the removal was rightfully allowed, for the reasons stated in the opinion of the court below and in that of the Circuit Court of Appeals for the Eighth Circuit in Boatmen's Bank v. Fritzlen, 135 F. 650.

Referring to the latter case, we learn that the court found that the junior mortgage was given and the action brought by the junior mortgagee for the purpose of preventing federal jurisdiction, and that the only rational inference from the pleadings and the record was that an improper party or a sham cause of action had been injected into the suit for the sole purpose of defeating the jurisdiction. Page 657. It is true that the court in that case also held that, even conceding that there was a bona fide suit to foreclose the mortgage, there was also a separable controversy; but the court based its decision that there was a separable controversy on the ground that the suit for foreclosure was not founded upon an administration bill, for it did not seek the sale of the entire property free from incumbrances and the distribution of its proceeds to all parties interested, according to their rights. The court clearly recognized that in a suit founded on such an administration bill every

lienholder, senior or junior, and every person interested in the property is a necessary party to the accomplishment of the main purpose of the suit, and the controversies between the plaintiff and the lienholders and claimants are inseparable parts of the main and single action presented. Page 661. The court cites the three cases of Graves v. Corbin, supra, Fidelity Insurance Co. v. Huntington, supra, and Torrence v. Shedd, supra, and sets forth what those cases hold. The court then uses the following language:

"The decisions in these three cases fail to rule the case under consideration, because the bill does not seek a sale of the property free from incumbrances, and the distribution of the proceeds according to the rights of the parties, but, on the other hand, presents two distinct causes of action—one to avoid prior mortgages for fraud, and the other to sell only such part of the property as may be necessary to pay the debt of the complainant."

It is clear therefore that neither the decision of the Supreme Court in this case of Fritzlen v. Boatmen's Bank, 212 U. S. 364, 29 S. Ct. 366, 53 L. Ed. 551, nor the decision by the Circuit Court of Appeals, 135 F. 650, the reasoning of which is adopted by the Supreme Court, lends any support to the contention of the Globe Automatic Sprinkler Company in this case; for in the present case the bill seeks not only foreclosure, but is an administrative bill for the marshaling of the liens in the order of their priority and a sale of the premises freed and discharged of all liens, and a distribution of the proceeds in accordance with the rights of the parties.

Reliance is also placed upon the case of New England Waterworks et al. v. Farmers' Loan & Trust Co. (C. C. A. 7th) 136 F. 521, in which the facts were quite similar to the facts in the case at bar, so far as the present question is concerned. If the bill in that case was a bill, not only for foreclosure, but to marshal the liens and ascertain and establish their priorities, and for a sale of the premises and distribution of the proceeds in accordance with the priorities thus established, it is difficult to reconcile the decision with the decisions of the Supreme Court that I have cited. I shall not, however, undertake to determine the nature of the bill in that case, nor whether the case can be reconciled with the decisions of the Supreme Court. It is sufficient to point out that that case differed from the present case in at least one important respect. In that case, the court held that not all the defendants to the fore-closure suit were interested in the question presented by the alleged separable controversy, and the decision was apparently rested mainly on that point. But in the case at bar all the parties are interested in the controversy respecting the lien claimed by the Globe Automatic Sprinkler Company.

Counsel cites Buck v. Felder (D. C.) 196 F. 419; but in that case there was clearly a separable controversy. The bill sought to set aside a certain trust deed, and also certain adoption proceedings. There were two separate controversies entirely distinct and independent of each other and the parties were not the same. That case is not in point. He cites also the case of Real Estate Co. v. Brown (D. C.) 23 F.(2d) 329. But in that case, the court held that while there was a creditors' bill in form, it was not so in substance, and the real purpose of that form of proceeding was to deprive the party of the right to try the controversy in the federal court. The court conceded that, if the case were in substance as well as in form a creditors' bill, great difficulty would be experienced in removing it, or any incidental issue arising under it, to the federal court, citing Fidelity Insurance Co. v. Huntington, supra.

Colleton Mercantile & Mfg. Co. et al. v. Savannah River Lumber Co. (C. C. A. 4th) 280 F. 358, is also cited. But in that case there were clearly two separate, independent controversies. One controversy was between the Colleton Merc. & Mfg. Co. and W. B. Gruber, for specific performance of a contract for the sale of real estate, and in this controversy the Savannah River Lumber Co. had no interest whatever. The other controversy was a controversy respecting a claim of the Savannah River Lumber Company to certain timber rights in the premises which Gruber had contracted to sell to the Colleton Mercantile & Manufacturing Company, and in this controversy the Colleton Mercantile & Manufacturing Company and Gruber, both being residents of South Carolina, were arranged on one side, and the Savannah River Lumber Company, a Georgia corporation, on the other. This latter controversy respecting the claim of timber rights was manifestly separable and distinct from the controversy between Gruber and the Colleton Mercantile & Manufacturing Company for specific performance of the contract of sale and was clearly removable. The controversy respecting the title to the timber was, in fact, later tried and decided separately and without reference to the controversy relating to specific performance. Gruber et al. v. Savannah River Lumber Co. (C. C. A. 4th) 2 F.(2d)

418; Colleton Merc. & Mfg. Co. v. Gruber et al. (D. C.) 7 F.(2d) 689; Gruber v. Savannah Lbr. Co. (C. C. A. 4th) 10 F.(2d) 1018.

My conclusion is that there is no separable controversy presented in the case at bar, and it must be remanded to the state court, and an appropriate order will be entered accordingly.