## LUMMUS COTTON GIN CO. v. TOWNSEND.

District Court, E. D. South Carolina. November 26, 1929.

No. 2239.

Herbert & Herbert, of Orangeburg, S. C., for plaintiff.

Fred D. Townsend and John W. Crews, both of Columbia, S. C., for defendant.

GLENN, District Judge. This action was commenced in this court by the issuance of a summons for relief under date the 2d day of November, 1929, and the service of the summons, together with complaint, affidavit, and undertaking on the defendant on the 8th day of November, 1929, which is an action in claim and delivery for possession from the defendant of certain gin machinery as set forth and described in the complaint and affidavit. On the 7th day of November, 1929, under requisition unto him directed by the plaintiff, the marshal of this court seized the gin machinery described in the complaint and affidavit and closed down the plant. The plaintiff in its complaint and affidavit claims to be entitled to the possession of the property therein described by virtue of an alleged conditional sales contract alleged to have been executed by the defendant to plaintiff, and that, after demand, possession of said property has been refused.

No federal question is involved in this action, and plaintiff invokes the jurisdiction of this court solely on the ground of diversity of citizenship; the plaintiff being a nonresident corporation and the property being valued in excess of the sum of $3,000.

Prior to the commencement of this action in the federal court, the International Vegetable Oil Company, Incorporated, instituted its action in equity in the court of common pleas for Marlboro county, S. C., against the defendant, F. D. Townsend, and Lummus Cotton Gin Company (the plaintiff in this action), which action had for its purpose the foreclosure of a real and chattel mortgage covering the gin machinery and real estate upon which it is located, and a sale of the mortgaged property by the court.

The defendant, F. D. Townsend, was duly served with the summons and complaint in the state court action on June 27, 1929, and on the same day the attorneys for the plaintiff in that action, who are now attorneys for the Lummus Cotton Gin Company in the District Court action, acknowledged due and legal service of the summons and complaint on themselves as attorneys for the Lummus Cotton Gin Company. I find, however, that this service was had through mistake and that these attorneys were without authority from the Lummus Cotton Gin Company to act in its behalf. The defendant, F. D. Townsend, served his answer in the state court action, and that action is now pending without any final decree in the matter.

This matter now comes up before this court upon petition of the defendant and rule to show cause why the summons and complaint in this action in the District Court should not be dismissed on account of the pendency of the action in the state court.

It is necessary to determine the nature of the two actions. The action in the state court is to foreclose a real and chattel mortgage, in which the mortgage sought to be foreclosed is, and constitutes, a first and only lien on the real estate, and a second lien on the gin machinery, subject only to the lien of the Lummus Cotton Gin Company. The foreclosure action in the state court is an action in rem looking toward the ultimate possession and sale of the property by the court. The action in the District Court in claim and delivery is an action in rem, and is essentially a possessory action. It takes the property from the possession of the defendant (and the state court), through the instrumentality of the court, and delivers it to the plaintiff.

The action of claim and delivery affords no relief for the adjudication of successive liens, but determines the sole question of the superior right to possession; and this court will not entertain an action, the effect of which is to take property from the jurisdiction of a court of co-ordinate jurisdiction in the process of administration and adjudication of liens and place it beyond the control of the latter, as was said in a very able opinion by Judge Cochran in Mace v. Mayfield (D. C.) 10 F.(2d) 231, 233: "The law is well-settled that the court which first acquires jurisdiction over the res will hold it to the exclusion of the other court. It was decided in Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390, and in numerous cases since that time, and quite recently in the case of Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077, that where an action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs and may defeat the jurisdiction of the federal court already attached; and the converse of the proposition is equally true that, where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."

It is therefore ordered, adjudged, and decreed that the summons and complaint in the above-entitled cause of Lummus Cotton Gin Co. v. F. D. Townsend be, and the same is hereby, dismissed, and said action ended.